### Ex Parte E. J. Wilson, Jr.

No. 1832. Decided June 5, 1912.

Rehearing denied June 28, 1912.

**1.—Insanity—Habeas Corpus—Bond—Statutes Construed.**

While it appears that there are no express statutory provisions as to what shall be done with a person accused of crime when he has been adjudged insane, under article 39, Penal Code, before conviction, yet in such cases articles 1023 and 1025, Code Criminal Procedure, when construed in the light of article 120,

Revised Civil Statutes, should be followed, at least in substance and spirit, and such person should be restrained and treated in one of the insane asylums and not allowed bail as provided under article 140, Revised Civil Statutes, but should be returned to the court having jurisdiction of the offense when he recovers sanity; and this should be the proceeding even where the case is bailable and bail has been granted.

### 2.—Same—Case Stated—Restraint of Accused Before Trial—Insane Asylum.

Where, upon appeal from habeas corpus proceedings, it appeared from the record that the appellant was indicted for murder; that he had made an application to the District Court after such indictment that he was insane at that time asking suspension of a trial, whereupon said court tried him for insanity and the jury found him insane, whereupon he was committed to the custody of the sheriff subject to the further order of the county judge, who committed him for restraint and treatment to the insane asylum, there was no error in the court's ruling in recommitting relator to said asylum and denying him bond under article 140, Revised Civil Statutes.

### 3.—Same—Future Legislation.

See opinion as to future legislation, and as to policy of keeping relator confined in an insane asylum for treatment.

Appeal from the District Court of Bexar. Tried below before the Hon. Edward Dwyer.

Appeal from a habeas corpus proceeding, denying relator bond under article 140, Revised Civil Statutes, as in ordinary cases of lunacy.

The opinion states the case.

*Holland & Krause* and *Carlos Bee,* for relator.—Cited authorities in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—This is an application by E. J. Wilson, the father, natural guardian and next friend of the appellant, to the Thirty-Seventh District Court of Bexar County, Texas, to procure the release of the appellant from the Southwestern Insane Asylum at San Antonio, under article 140, Revised Civil Statutes of Texas. That article is as follows:

"No warrant to convey a lunatic to the asylum shall issue if some relative or friend of the lunatic will undertake, before the county judge, his care and restraint, and will execute a bond in a sum to be fixed by the county judge, payable to the State, with two or more good and sufficient sureties to be approved by the county judge, conditioned that the party giving such bond will restrain and take proper care of the lunatic so long as his mental unsoundness continues, or until he is delivered to the sheriff of the county or other person, to be proceeded with according to law, which bond shall be filed with and constitute a part of the record of the proceeding, and may be sued and recovered upon by any party injured, in his own name."

The record shows this state of facts: That on March 28, 1907, the grand jury of Bexar County indicted the appellant for the murder

of Franklin E. Smith on March 23, 1907, with malice aforethought, in cause No. 18600 on the docket of said District Court; that on the same day the grand jury also indicted the appellant for the like murder of Ed. Beversdorff, alleged to have been committed on March 23, 1907, in cause No. 18601, pending in said District Court. That thereafter on May 20, 1907, when said first numbered case was called for trial, the appellant, through his attorney, then presented to the court the affidavit of Dr. Bell to the effect that the appellant "is at this time insane," and asked the court to suspend the trial of the appellant on said murder indictment, and to empanel a jury and determine the said issue of insanity; that thereupon the court did suspend said murder trial, properly empaneled a jury and then tried the issue of insanity as requested and urged. On the same day the jury found from the testimony that the appellant was then insane. The court received that verdict and thereupon, on the same day, in accordance with said verdict, adjudged the appellant then insane and further ordered *"that all further proceedings in this or any other case against him in this court be, and the same are hereby suspended until he becomes sane;* and it is further ordered that the said Eugene J. Wilson, Jr., the defendant, be and he is now committed to the custody of the sheriff of Bexar County, Texas, to be kept subject to the further order of the county judge of Bexar County, Texas, and that the clerk of this court forthwith certify to said county judge the proceedings herein." That the clerk of said District Court did then, in accordance with said order, properly certify the said proceedings to the said county judge and that under the said order and the proper writ of commitment from the said County Court, appellant was committed to said asylum "for restraint and treatment." And the superintendent of the said insane asylum on June 14, 1907, received and has continuously since then held the said appellant in said asylum "for restraint and treatment." The above is in full the statement of facts in this case.

It nowhere appears in the record that the appellant by habeas corpus or otherwise ever applied to the said District Court for bail in either of said charges of murder against him.

The appellant, in his brief, cites us to article 35, Penal Code, which provides: "A person, for an offense committed before he arrived at the age of seventeen years, shall in no case be punished with death; but may, according to the nature and degree of the offense, be punished by imprisonment for life, or receive any of the other punishments affixed in this Code to the offense of which he is guilty." This article has no application whatever to this case. The record nowhere indicates or suggests that the appellant was under seventeen years of age at the time of the alleged murders by him. Besides, this is not an application for bail in the charges of murder against him, or either of them, but is, as stated above, an application that his father may, under said article 140, Revised Civil Statutes of Texas, be per-

mitted to take him out of the asylum on bond as therein provided. Appellant also cites us to the case of Ex parte Walker, 28 Texas Crim. App., 246, to the effect that even though the proof be evident, where the defendant is under seventeen years of age at the time of the alleged commission of the offense bail should be granted. This case has no application to this question. Neither does the constitutional provision cited, to the effect that all prisoners shall be bailable, unless for a capital offense where the proof is evident. Nor does the case of Zembrod v. State, 25 Texas, 520, where it was held, in effect, that the evidence on the trial in that case was sufficient to show that the appellant was so insane at the time of the commission of the offense that the proof was not evident so as to prevent bail.

The record in this case does not disclose that the appellant at any time, or in any way, attempted to show that he was insane at the time of the alleged commission of the offense, but his alleged insanity was confined solely and exclusively to May 20, 1907, the time one of the murder cases was called for trial.

From the record it is clear to us that the appellant was properly tried for insanity on May 20, 1907, and was adjudged to be insane at that time and at no other time, under article 39, Penal Code, which is as follows: ". . . No person who becomes insane after he committed an offense shall be tried for the same while in such condition. No person who becomes insane after he is found guilty shall be punished for the offense while in such condition." Guagando v. State, 41 Texas, 626.

It appears that there are no express statutory provision of what shall be done with an accused person when he has been adjudged insane under said article 39, *before* conviction, but the Code of Criminal Procedure does lay down what shall be done when appellant is so tried and adjudged insane *after* conviction, in articles 1017 et seq., Code of Criminal Procedure. It is also perfectly apparent to us by the proceedings shown by this record that the court, when the appellant in the trial on May 20, 1907, was found to be then insane, followed articles 1023, 1024 and 1025, which are as follows:

"Article 1023. When, upon the trial of an issue of insanity, the defendant is found to be insane, all further proceedings in the case against him shall be suspended until he becomes sane.

"Article 1024. When a defendant is found to be insane, the court shall make an order, and have the same entered upon the minutes, committing the defendant to the custody of the sheriff, to be kept subject to the further order of the county judge of the county.

"Article 1025. When a defendant has been committed, as provided in the preceding article, the proceedings shall forthwith be certified to the county judge, who shall take the necessary steps, at once, to have the defendant confined in the lunatic asylum, as provided in the case of other lunatics, until he becomes sane."

The State of Texas has humanely provided various insane asylums

in this State "for the restraint and treatment" of the insane. The procedure for adjudging one not charged with crime, insane and providing for his restraint and treatment, is solely through the County Courts. It is only when a person is charged with crime and that charge is pending in the District Court that the District Court has any power or authority whatever to try one for insanity and have him so adjudged and restrained for treatment in the insane asylum. The civil statutes relating to such matters in the County Courts expressly authorizes the superintendents of such asylums, when persons who are confined therein, by treatment or otherwise, become sane, to discharge them; but wherever persons have been charged with or convicted of some offense and have been adjudged insane in accordance with the criminal law he is expressly prohibited from discharging such persons as shown by article 120 of the Revised Civil Statutes, which is as follows:

"Any patient, except such as are charged with or convicted of some offense, and have been adjudged insane in accordance with the provisions of the Code of Criminal Procedure, may be discharged from the asylum at any time upon the recommendation of the superintendent, approved by the board of managers. Any patient coming within the above exception can only be discharged by order of the court by which he was committed."

It may be that said articles 1023 to 1025, Code Criminal Procedure, to regulate what should be done with persons adjudged insane, were enacted for the regulation of such matters *after* conviction only, but after thorough investigation and full consideration, we are of the opinion that the District Courts in instances of this character have the power and the authority and it is their duty to follow, in substance and in spirit, said articles of the Code of Criminal Procedure, as was done in this case. We are further of the opinion that the object and intention of the law is, and that it was the intent of the Legislature that where persons, after the commission of an offense and after they are properly charged therewith in a court of competent jurisdiction, become insane and are so properly adjudged before the trial, that they shall be restrained and treated in one of the insane asylums, and that they shall not be allowed bail and to be taken therefrom until time or such treatment shall render them sane; and that then they shall be returned by the authorities of the asylum to the court that has jurisdiction to be dealt with as the facts and the law justify.

It occurs to us that where a party is charged with a felony, which is clearly bailable, and bail has even been granted and he is out on bail, that if when the case is called for trial, he sets up his then insanity to prevent a trial and is adjudged insane and thereby prevents a trial, that he should then be committed "for restraint and treatment" to one of the insane asylums and kept there and not turned loose again on the bail he then had, but that pending this

restraint and treatment bail should not be permitted, by his parent or anyone else, so as to take him from the insane asylum until by treatment or time he again becomes sane. Then he should be returned to the custody of the court having jurisdiction for trial in accordance with the law.

After mature deliberation and consideration of this case, it is our opinion that the judgment should be affirmed.

*Affirmed.*

### ON REHEARING.

### June 28, 1912.

PRENDERGAST, JUDGE.—At the time this cause was originally submitted, Honorable Carlos Bee made an able oral argument, but he did not file any brief whatever. Later other able attorneys did file a written brief herein, which was considered by the court in the disposition of the case. Mr. Bee, in the motion for rehearing, complains that this court did him an injustice in stating that he cited, or relied upon, in his brief, article 35, Penal Code, and agrees with the court in stating that said article has no application to this case. The other attorneys who filed the brief herein did cite and quote and rely upon the said article of the Code. Hence, this court did not make a mistake in stating this in the original opinion.

Appellant suggests that legislation may be needed on this subject. As to this, he may be right; we express no opinion about it. Neither do we express any opinion as to whether or not appellant is now getting humane treatment by being kept in restraint in the insane asylum and being therein treated for his unfortunate mental condition. It occurs to us, however, that to properly restrain him in one of our State insane asylums, where he will be treated by the most scientific physicians for his unfortunate condition, and where, by such restraint, he is in no wise being punished, that this is the most humane treatment yet provided by our government or any other so far as we know for such cases.

There is nothing presented in the motion for rehearing that shows any reason why the opinion and judgment herein rendered is not in every way correct.

The motion is overruled.

*Overruled.*