EX PARTE HOWARD KNOX.

No. 22853. Delivered March 22, 1944.

The opinion states the case.

*Oxford & Oxford,* of Edinburg, for relator.

*Tom L. Hartley,* Criminal District Attorney, of Pharr, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Relator was under the accusation of felony theft, as evidenced by certain complaints filed in a justice court of Hidalgo County, and was held thereunder by virtue of a warrant issued out of such court on December 20, 1943; that while held in jail on such warrant by the sheriff of such county, on February 9, 1944, relator's wife filed an affidavit in lunacy in the county court, alleging that relator was a person of unsound mind, etc., and requesting that he be tried thereunder in the county court of such county. On February 23, 1944, the grand jury of Hidalgo County indicted relator for felony theft in three cases, and returned same into the district court of that county, they being the same cases under which he was held by virtue of the justice court warrants.

Relator now makes application to this court requesting that we issue our writ of habeas corpus herein, and that we also issue writ of mandamus to the county judge of Hidalgo County, directing him to forthwith try relator in such county court under the affidavit in lunacy in order to determine his sanity thereunder.

It appears from the record that prosecution had begun in the matter of the felony thefts by a filing of complaints in the proper court prior to the attempt to have the question of relator's sanity inquired into by the county court, and that at the time of such filing of the insanity affidavit prosecution was pending in the felony causes. See 5 Words & Phrases, p. 281. Therefore relator was at such time charged with a criminal offense, and the statute relative to the determination of his sanity is found in Art. 932a, Vernon's Ann. C. C. P., and not in Art. 5561a, Vernon's Texas Statutes 1939, Cumulative Supplement. See Ex parte Frailey, (not yet reported) 177 S. W. (2d) 72, (146 Texas Crim. Rep. 557).

We think the accusations filed prior to. the county court affidavit should and do cause relator to come within the class of a person charged with a criminal offense, and he is triable as such under Art. 932a, supra.

The writ will therefore be refused.