## HICKMAN v. RUSK STATE HOSPITAL et al.

### No. 2987.

Court of Civil Appeals of Texas. Waco.

Sept. 20, 1951.

Rehearing Denied Oct. 25, 1951.

Owen F. Watkins, Mexia, for appellant.

W. W. Mason, Mexia, for appellees.

TIREY, Justice.

This is an appeal from an order of the District Court dismissing the appellant's asserted cause of action for lack of jurisdiction. Appellee has seasonably filed a motion to dismiss the appeal here on the ground of want of jurisdiction of this court. A statement is necessary.

Appellant went to trial on her first amended original petition filed in the County Court of Limestone County, in which she alleged substantially that she was the mother of J. P. Hickman, a patient at the Rusk State Hospital in Cherokee County; that said Hickman had theretofore on the 28th day of June, 1948, been adjudged to be of unsound mind by the County Court of Limestone County and was duly committed to the State Hospital at Austin for a period of ninety days from the date of said order; that said order expired by operation of law on the 28th day of September, 1948, at which time said Hickman returned to his home in Limestone County and the order theretofore entered by the County Court of Limestone County adjudging him insane was of no further force and effect and that the said J. P. Hickman was released from said hospital and his sanity was restored;

that thereafter, on the 12th day of October, 1948, without any further proceedings in any court having jurisdiction of the person of said Hickman, he was admitted to the Rusk State Hospital in Cherokee County, where he has been and is at this time; that thereafter, on or about the 18th day of October, 1948, said Hickman, at his request and without an order of the County Court of Limestone County and without an order of the State Board of Control, was admitted to the State Hospital at Rusk for special treatment of his illness, and at the time he was admitted to such hospital the sanity of said Hickman had been restored by operation of law and that the admission of said Hickman to said hospital was without legal authority and he is being held without due process of law; that on the 12th day of April, 1949, proceedings were instituted in the County Court of Cherokee County wherein said Hickman was duly adjudged to be of unsound mind and that such proceedings were without authority of law since the residence of J. P. Hickman since September 28, 1948, had been legally fixed and established in Limestone County, and that only the County Court of Limestone County had jurisdiction over the person of said Hickman since his commitment to Austin in June, 1948, that said County Court of Cherokee County was without jurisdiction of the person of said Hickman and such judgment is in effect void.

Appellant says that said J. P. Hickman is not charged with a criminal offense, has been restored to his right mind, and that his restoration is permanent, and that he is entitled to be adjudged to be of sound mind and to be discharged from the Rusk State Hospital and from further restraint.

The County Court heard this case on the 23rd day of April, 1951, and at the conclusion of the evidence found that J. P. Hickman was duly adjudged insane by a jury in the County Court of Cherokee County and ordered to the Rusk State Hospital at Rusk, Texas, and that by reason of. said judgment in the County Court of Cherokee County such hospital at Rusk has control and is exercising control over said Hickman as ordered in said judgment. The County Court further found that the judgment entered by the County Court of Cherokee County was regular on its face, that the applicant's petition was in the nature of a habeas corpus proceeding brought by the plaintiff and that such a proceeding was a collateral attack on the judgment of the County Court of Cherokee County. The evidence tendered is sufficient to support these findings. The court denied all relief and ordered Hickman delivered back to the sheriff of Limestone County and that said sheriff be instructed to deliver him to the Rusk State Hospital in accordance with the judgment of the County Court of Cherokee County theretofore rendered.

The applicant excepted to the order and judgment of the County Court of Limestone County and gave notice of appeal to the District Court for the 87th Judicial District, Limestone County, and filed her request to the County Court for transmission to such District Court of a true copy of all proceedings had in the trial of the cause in the County Court. Applicant thereafter, on the 4th day of May, 1951, filed a bond, payable to the County Judge of Limestone County, in the sum of $50, conditioned that she prosecute said appeal to effect, etc. This bond was approved by the County Clerk of Limestone County and the papers were sent to the Clerk of the District Court.

The cause went to trial in the District Court of Limestone County on the 29th day of May, 1951, and that court granted defendant's motion to dismiss for want of jurisdiction. The court in its decree made certain findings and we quote substantially the first one; which is pertinent and controlling: Said appeal is from a habeas corpus suit originally instituted in the County Court of Limestone County, Texas, to release one from the State Hospital for the Insane at Rusk, Cherokee County, Texas, not charged with a criminal offense; said habeas corpus proceeding is a civil suit within the meaning and laws of the State of Texas and said judgment of the County Court being final in a civil suit it is appealable directly to the Court of Civil Appeals for the District in which the

County Court of Limestone County is situated.

The finding of the district court is sustained by the uncontroverted evidence and it was the duty of such court to dismiss the cause. Our Supreme Court, in Harbison v. McMurray, 138 Tex. 192, 158 S.W.2d 284, 287, held: "It is a rule in our federal courts, and in those States which do not divide the jurisdiction of their appellate courts as to civil and criminal cases, that a habeas corpus proceeding is a civil remedy, as distinguished from a criminal remedy or proceeding, and that regardless of whether the prisoner is detained under civil or criminal process." Our Supreme Court has never departed from the principle here announced. This view is also shared by our Court of Criminal Appeals. See Ex parte Frailey, 146 Tex.Cr.R. 557, 177 S.W.2d 72. See also Stavely v. Stavely, Tex.Civ.App., 94 S.W.2d 545. This general rule is applicable to the appellant's petition for relief here. Perhaps we should state that Art. 5561b, Vernon's Ann.Civ.Stats. is controlling as to restoration proceedings and discharge of persons charged with insanity. This article has been construed by our Supreme Court in Hatton v. State Board of Control, 146 Tex. 160, 204 S.W.2d 390, and the rule there announced has not been changed.

It is our view that when the applicant filed her petition for relief in the County Court of Limestone County such action was in its nature a civil case and one in which the County Court had original jurisdiction, and since such court held that it was without jurisdiction to hear the cause, such decree was a final judgment and appellant's notice of appeal should have been to the Court of Civil Appeals for the Tenth Supreme Judicial District and not to the District Court of Limestone County. See Art. 2249, Vernon's Ann.Civ. Stats. Since appellant did not file a motion for new trial in the County Court of Limestone County and did not give notice of appeal to the Tenth Court of Civil Appeals and did not file a bond for costs within thirty days after the date of the judgment entered by the County Court of Limestone County (which was April 23, 1951), this court does not have jurisdiction to hear this cause and appellee's motion to dismiss is granted and the appeal dismissed.