## FRANK HAROLD DUDLEY V. STATE.

No. 25,798. April 9, 1952.
Appellant's Motion for Rehearing
Denied May 21, 1952.

Hon. Frank Williford, Jr., Judge Presiding.

R. G. Allen Jr., Houston for appellant.

Sam W. Davis, Criminal District Attorney, King C. Haynie, Assistant Criminal District Attorney, and George P. Blackburn, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was convicted on indictment charging robbery by assault and sentenced to fifteen years in the penitentiary.

The evidence supporting the jury's verdict could hardly be challenged. The sole question for our consideration is whether or not the court had the power to try him in this case without first having a release from his confinement in the insane asylum under a felony count wherein the jury sustained a plea of insanity, which resulted in an order committing him to the State Hospital in Austin.

The undisputed facts in this case are that he was tried on

the 14th day of March, 1950, in Cause No. 62178 in the same court. At that trial he was found to be incapable of making a rational defense of the charge against him and it was the order of the court that he was then insane. He was, by regular procedure, placed in the State Hospital for the Insane. After being observed by the physicians, and following a conference with nine doctors, the report was made to the court in Houston that he was not insane according to the legal definition. A letter from the district attorney directed the authorities to release him and he returned to Houston. This was approximately a year and a half before the offense charged in the instant case. No other procedure was taken and such was appellant's status at the time of trial.

No complaint is made of his having been placed on trial of the case on its merits, either during the procedure or in the motion for a new trial. The sole question in the case seems to be raised in appellant's brief before this court and reliance is had on Article 932a, Section 3, Vernon's Ann. C.C.P., which provides that when a defendant is committed to a hospital for the insane by a jury finding in a criminal prosecution and he becomes sane that the superintendent of the hospital shall give notice of the facts to the judge of the court from which the party is committed. It provides further that when the judge receives such notice he shall require the sheriff to bring the defendant from the hospital and place him in proper custody until the hearing may be had before a jury, in the court, to determine his sanity. This is the procedure to secure his release from the asylum. The facts in this case show that such notice was given to the judge of the court and the procedure for his discharge seems to be regular so far as the institution is involved. If the court had followed up, as provided, no question could have been raised in this case.

It has been consistently held by this court, since the act of 1857, that a party can not be placed on trial until he is properly released from the hospital to which he was confined. See Ex Parte Frailey, 146 Texas Cr. R. 557, 177 S.W. 2d 72. That opinion, written by Judge Graves, reviews the decisions and the enactments very exhaustively and need not be here repeated. See also McKibben v. State, 140 Tex. Cr. R. 1, 148 S.W. 2d 423 and Dawson v. State, 150 Tex. Cr. R. 465, 203 S.W. 2d 231. The holding in these cases will be adhered to under proper state of facts.

In the case now before us appellant had been out of the institution considerably more than a year. Much evidence was introduced in the trial of the case and there is no issue as to his present sanity. He testified in his own behalf which shows that he was employed at the time of the commission of the offense. He was mad that night because a girl-friend broke a date with him. Within a few minutes of the time the offense for which he was being tried took place he admittedly crashed the front of a jewelry store and was picked up a short distance away by a taxi cab. The officers took him from the taxi and found in the seat some watches and other jewelry that had been taken from the jewelry store. His testimony on the subject was clear. He made a positive denial of the robbery for which he was on trial. He was examined by his counsel and by the state and gave answers to all questions in a very intelligent manner. Nothing was said about the question now before us and the record brings only one bill of exception, which we find to be without merit.

An insane person cannot waive any of his rights but under the facts of this case it is shown very clearly that appellant was not insane at the time he went to trial nor at the time the offense was committed. He produced the evidence of his former conviction for the purpose of having the court charge the jury that he was presumed to be insane and that the burden was on the state to overcome that presumption. The state met the challenge and there was no complaint about the sufficiency of the state's evidence. There is no objection to the court's charge and no requested charges were refused by the court. If there is any question about his ability to waive the usual required procedure before going to trial he is certainly estopped now, under the facts of this case, to raise that question first on appeal.

We decline to reverse the case because of the question raised and the judgment of the trial court is affirmed.

ON MOTION FOR REHEARING.

MORRISON, Judge.

Appellant again contends that fundamental error is reflected because the trial court failed to require a finding as to appellant's sanity at the time of trial as well as at the time of the commission of the offense charged.

We cannot bring ourselves to agree with the appellant's contention. We find in the court's charge the following:

"On the issue of insanity you are instructed that only a person of sound memory and discretion can be held responsible for crime and that no act done in a state of insanity can be punished as an offense.

"Because of a judgment of insanity against this defendant, introduced in evidence by the defendant, dated March 14, 1950, it is presumed *that he is insane,* and was insane at the time of the commission of said offense, unless the contrary should appear to the jury trying him; because of this judgment he is presumed not to entertain until the contrary appears, a sufficient degree of reason to be responsible for his acts, and the burden of proof is upon the State, where such judgment of insanity has been offered, to show by the testimony that at the time of the commission of this offense (if the defendant committed it) he was sane, and you are to determine from the evidence in this case the matter of insanity, it being a question of fact, being controlled as far as the law is concerned, by the instructions herein given you.

"Therefore, if you believe from the evidence, beyond a reasonable doubt, that the defendant committed the offense charged, and at the time of doing so, he was sane, then you will find him guilty; otherwise, the presumption being, because of such judgment of insanity, that the defendant was insane, unless you believe that the State has proved, beyond a reasonable doubt, that the defendant was sane at the time he committed the offense (if you find that he committed it) then you will find the defendant 'not guilty' on the ground of insanity; and in such event, the form of your verdict will be: 'We, the jury, find the defendant not guilty on the ground of insanity.' "

No objections were leveled to this charge, and the question is sought to be raised for the first time on appeal.

With the above charge before them, the jury found appellant guilty and, thus, after hearing the appellant testify and hearing Dr. Dwyer testify that he examined appellant on Thursday or Friday preceding the trial and found him to be sane on that occasion, found him sane at the time of the commission of the offense. There is no testimony showing any change in appellant's mental condition from the date of the offense, which was October 21, 1951, to the date of trial, which was November 19, 1951. If the jury had acquitted appellant on the ground of

insanity, he being under commitment in the former trial, the court would not have needed a finding of insanity at the time of trial, in order to have appellant returned to the Austin State Hospital.

In our original opinion, we said that question of waiver was not in the case, but, rather, that appellant is now, under the peculiar facts of this case, estopped to complain that the trial did not specifically require a finding of sanity at the time of the trial.

We remain convinced of the soundness of our original disposition of this case. Appellant's motion for rehearing is overruled.