

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 17, 1952

Hon. Henry Wade
District Attorney
Records Building
Dallas, Texas

Opinion No. V-1481

Re: Proper court for a sanity
trial on one previously
adjudged insane at the time
of trial for a capital

Dear Sir:

criminal offense.

Your request for an opinion of this office
presents for determination the following question:

"Where a person has been charged with
the offense of murder and has interposed
the defense of insanity and the District
Court has found him to be <u>insane</u> at the
time of trial and he has been confined in
the insane asylum, but is now certified by
the Superintendent of the Asylum as <u>sane</u>,
is it the province of the County Court of
Dallas County to bring him to trial to de-
termine his sanity, or is it the duty of
the District Court that first found him to
be <u>insane</u> to try him under Article 932a-3,
C.C.P.?"

Section 3 of Article 932a, V.C.C.P., pro-
vides:

"When the defendant so committed to a
hospital for the insane becomes sane, the
superintendent of the hospital shall give
written notice of that fact to the Judge
of the Court from which the order of commit-
ment issued. Upon receipt of such notice
the Judge shall require the sheriff to bring
the defendant from the hospital and place
him in the proper custody until the hearing
may be had before a jury in such Court to
determine defendant's sanity, and if he be
found sane, he shall be discharged, unless
he had been previously found to be sane at
the time at which he is alleged to have
committed the offense charged, in which

event, unless previously acquitted, he
shall be tried for the offense charged."

In Ex parte Frailey, 146 Tex. Crim. 557
177 S.W.2d 72, 74 (1944), the court, in considering
a similar factual situation, stated:

"It is evident from the just above
quoted provisions of the Act of the 45th
Legislature that where insanity is offered
as a defense in a criminal proceeding,
such enactment governs wherein in Section 3
thereof it lays down the procedure relative
to trials in order to establish the fact
that such person has been restored to sanity,
and that such trials, initiated as provided
in Section 3, must be had in the county
where the criminal prosecution was pending
at the time of the presentation of such
insanity plea and the trial thereunder.

"A statute similar to the present 932a,
C.C.P. was found in the Revised Statutes of
1895, Art. 120, which reads as follows: 'Any
patient, except such as are charged with or
convicted of some offense, and have been
adjudged insane in accordance with the pro-
visions of the Code of Criminal Procedure,
may be discharged from the asylum at any
time upon the recommendation of the super-
intendent, approved by the board of managers.
Any patient coming within the above excep-
tion can only be discharged by order of the
court by which he was committed.' (Italics ours)

"This statute was passed February 5,
1858. Again, in the 1911 revision of the
laws we find this above quoted article ap-
pearing as Art. 142 of the Revised Statutes
1911. However, the same seems to have been
omitted in the latest revision of such stat-
utes in 1925. Evidently the Legislature,
finding the need for a statute of like im-
port, in 1937 passed what we now find to
be Art. 932a, C.C.P., Vernon's Criminal
Statutes, and thus restored the law as it
had existed since 1858, with the exception
of the interim between 1925 to 1937, and
again leaving the trial of a restoration

to sanity of a person 'charged with a criminal offense' to the court which had declared such person to be of unsound mind." /Emphasis added./

"It therefore follows that the county court of Kaufman County was without jurisdiction to try the question of relator's sanity, and its judgment relative thereto is void and of no effect, and relator therefore should be confined in the State hospital, still possessed, however, of her right to have the question of her sanity determined by the Dallas Court."

Also in Ex parte Knox, 147 Tex. Crim. 110, 178 S.W.2d 861 (1944), it was held that since relator was charged with a criminal offense the statute relative to the determination of sanity was Article 932a, V.C.C.P., and not Article 5561a, V.C.S., Article 5561a being the statute referred to for ordinary trials for lunacy and being governed entirely by civil procedure.

Thus Article 932a deals only with those persons charged with a crime, while Article 5561a relates solely to the trial of persons who are not charged with a crime, and therefore when one is charged with a crime the issue of insanity must be tried pursuant to the provisions of Article 932a. This being true, it is incumbent upon the district court in which the original proceeding was had, rather than the county court, to determine the question of sanity in a restoration proceeding.

In providing that written notice of the fact that a defendant originally insane but now sane be given to the judge of the court from which the order of commitment issued, Section 3 of Article 932a is not free from doubt as to which court was intended. However, by reason of the authorities to the effect that Article 932a is an exclusive procedure in regard to persons charged with a crime, we agree with you that such restoration proceeding must necessarily be referred to the district court wherein the original criminal proceeding is pending. We believe the language used in Article 932a relative to the court from which the order of commitment came is to be construed in this factual situation as being the District Court of Dallas County. Jurisdiction is still vested in the district

court, and the county court of Dallas County would
be without jurisdiction to try the question of sanity
and any judgment from that court would necessarily be
void and without effect.

## SUMMARY

A defendant charged with crime and
found to be insane at the time of trial
and confined in an asylum but who is now
certified by the superintendent of such
asylum as being sane must be returned to
the court wherein he was found to be in-
sane for a restoration proceeding to de-
termine the question of sanity of such
defendant.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

E. Jacobson
Reviewing Assistant

By *Bruce Allen*
Bruce Allen
Assistant

Charles D. Mathews
First Assistant

BA:am