**Ex parte Percy MORGAN.**

**No. 39668.**

Court of Criminal Appeals of Texas.

June 8, 1966.

**804**

Bill D. Wood, Tyler, for relator.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Judge.

Charged by indictment with the offense of rape, in Cause No. A–9211 in the District Court of Collin County, petitioner's request for a jury trial on the issue of insanity was granted and the jury found (1) that he was sane on March 3, 1961, the time the offense was alleged to have been committed, and (2) was insane at the time of the trial (June 13, 1961).

Upon motion of the County Attorney, the trial judge on the same day entered judgment disregarding the jury's finding that the defendant was insane and adjudged him sane, and on June 14, 1961, petitioner was tried on his plea of nolo contendere and was found guilty by a jury and his punishment assessed at life.

Judgment having been entered and sentence pronounced, petitioner is confined in the State Department of Corrections and in this original habeas corpus proceeding attacks such conviction as void.

The state's motion alleged that at the hearing which resulted in the jury's verdict finding that petitioner was presently insane there was no "competent medical or psychiatric testimony" and the court could not therefore comply with the statute which required that he "enter an order committing the defendant to a State mental hospital and placing him in the custody of the sheriff for transportation to a State mental hospital to be confined therein until he becomes sane," (Art. 932b Vernon's Ann. C.C.P.) because Section 8 of said Article provides: "No person shall be committed to a mental hospital under this Chapter except on competent medical or psychiatric testimony."

The trial court found that there was no competent medical or psychiatric testimony stating that the defendant was ever insane at any time and that there was no evidence to raise such issue or to sustain the finding of the jury thereon.

The trial judge having granted the request for a separate trial, and having submitted the issue, and the jury having found that the defendant "is insane now at the time of this trial," we are aware of no authority under which the court could disregard such jury finding and render a judgment finding the defendant sane.

Art. 34 P.C. provides, in part:

"No person who becomes insane after he committed an offense shall be tried for the same while in such condition."

We are not unmindful of the dilemma faced by the court in regard to the commitment of the defendant.

■ The effect of the jury's finding was that, because of insanity, appellant was unable to prepare a defense to the main charge and could not be tried while in such condition. Under the terms of Art. 932b, Secs. 1(b) and 5, V.A.C.C.P., the jury's finding that petitioner was presently insane required that the court enter an order committing him to a state mental hospital to be confined therein until he becomes sane, and that all further proceedings in the case against him shall be suspended until he becomes sane.

However, Section 8 of said Art. 932b (and Section 9 of Art. 46.02 C.C.P.) provides: "No person shall be committed to a mental hospital under this Chapter except on competent medical or psychiatric testimony," and the Constitution of Texas, Art. 1, Sec. 15–a, Vernon's Ann.St., has a like provision concerning commitment as a person of unsound mind.

■ The question of the commitment of the defendant found to be presently insane is separate and apart from that of whether his trial was barred by the jury's finding that he was presently insane under Art. 34 P.C.

The problem as to what shall be done with an accused person when he has been adjudged insane and not mentally competent to make a rational defense, and there is no specific provision in the Code of Criminal Procedure for his commitment to a mental hospital, is not new and has not been eliminated by the 1965 Code.

The provision of Art. 34 P.C. "No person who becomes insane after he committed an offense shall be tried for the same while in such condition," was a part of the Penal Code in 1874 when the Supreme Court of Texas, in Guagando v. State, 41 Tex. 626, held that it gave the defendant the right to have his mental competency to make a rational defense determined before proceeding with the trial for the offense charged, and that a trial of insanity after conviction cannot relate back and supply the omission.

The Supreme Court recognized that the procedural statutes had reference to insanity raised after conviction, which was "entirely distinct."

■ Thereafter this court, in Wilson v. State, 67 Tex.Cr.R. 369, 149 S.W. 117, (decided 1912) pointed out that there was no express statutory provision for what shall be done with an accused person when he has been adjudged insane before conviction and concluded that the district court had the power, authority and duty to follow in substance and spirit the articles of the Code of Criminal Procedure which lay down what shall be done when the defendant is tried and adjudged insane after conviction.

Chase v. State, 41 Tex.Cr.R. 560, 55 S. W. 833, decided in 1900, was an appeal from a murder conviction. Prior to such trial, the district judge "was induced" to impanel a jury to try Chase as to his mental capacity to commit crime or *to be tried therefor,* and the jury so impaneled held that he was of unsound mind and he was released on bail. Subsequently, "the learned judge" set aside this order and Chase was placed on trial.

The court appointed two able lawyers to defend Chase, a deaf mute, and the case was tried on a plea of not guilty entered for him by the court.

In the opinion affirming the conviction is found what may be said to be a forerunner of the procedure authorized by present Art. 46.02 C.C.P.

Referring to the statute which later became Art. 34 P.C., 1925, the court said:

"So far as we are advised, however, the statute does not mark out any course of procedure as to a person who becomes insane after he commits an offense, except it says he shall not be tried for the

same while in such condition. We might, by analogy to the procedure adopted with reference to the trial of this question of insanity after conviction and before sentence, deem it proper to pursue that method of trial. And it seems the court in this instance undertook to pursue that method. But this would not be the sole method of the trial. This issue could be submitted to the jury under the plea of not guilty (Code Cr.Proc. art. 974), and the jury instructed to determine the issue of insanity in the first instance, and, if they determine defendant was insane at the time of the trial, to return such special verdict; and in such case appellant could not be tried until he had become sane, or at least put on trial again. This issue would have to be passed on by the jury again. * * * Now, if we concede appellant had formerly been put on trial on the issue that he had become insane after he committed the offense, and could not be tried, this would not operate as a final judgment on the status of appellant, but he could be put on trial again on this issue. And this is what we understand was the course which the court pursued in this matter. By this action he was not deprived of any right to which he was entitled under the law."

While this holding was declared in Wilson v. State, supra, to be dicta, we conclude that together with present Art. 46.02 C.C.P. it furnishes a guide whereby the question of whether appellant is presently sane may be adjudicated upon the verdict of a jury and if he is found to be sane he may be tried for the offense of rape charged in the indictment.

Petitioner's application for writ of habeas corpus is granted and it is ordered that he be released from further confinement under the judgment of conviction on his plea of nolo contendere, and that he be delivered to the Sheriff of Collin County to answer the indictment in Cause No. A–9211 in the District Court of Collin County charging him with the offense of rape.