**Ex parte Nina Jewell
HAUGEN, Relator.**

No. 08–88–00116–CV.

Court of Appeals of Texas,
El Paso.

May 11, 1988.

Rehearing Denied June 1, 1988.

Fernando Chacon, El Paso, for relator.

Steve W. Simmons, Dist. Atty. of El Paso County, El Paso, for respondent.

Before OSBORN, C.J., and SCHULTE and WOODARD, JJ.

## OPINION

PER CURIAM.

This is an original proceeding in habeas corpus by which Relator challenges the lower court's order committing her to Rusk State Hospital following pretrial competency proceedings under Tex.Code Crim.Pro. Ann. art. 46.02, sec. 5 (Vernon 1979). Although arising out of criminal proceedings, competency determinations are civil in nature. *Parker v. State*, 667 S.W.2d 185 (Tex.App.—Texarkana 1983, PDRR), *cert. denied*, 469 U.S. 1085, 105 S.Ct. 590, 83 L.Ed.2d 699 (1984). Accordingly, we have evaluated the petition for habeas corpus relief in light of Tex.R.App.P. 120. In consequence thereof, under Rule 120(d), our review of the complaint and the accompanying statement of facts indicates that Relator is not entitled to the writ and that the petition should be denied.

Relator's sole complaint is that there was no expert evidence before the trial court upon which to base a decision to commit her to Rusk State Hospital or any other mental health facility. While the burden of proof as to incompetency is upon the criminal defendant, *White v. State*, 591 S.W.2d 851 (Tex.Crim.App.1979), we agree with Relator that the burden of proof as to commitment rests with the party seeking commitment. These are two separate questions. *Ex parte Morgan*, 403 S.W.2d 803 (Tex.Crim.App.1966). Our conclusion as to the burden of proof flows from this distinction and from the phrasing of the restriction embodied in Section 5(b). Our review of the statement of facts, particularly the structure of the proceedings and the court's remarks, reveals that the tenor of the lower court proceedings superficially violated Section 5(b). The competency jury concluded that Appellant was incompetent, but that there existed a substantial likelihood of her regaining competency in the foreseeable future. Thereafter, a second evidentiary hearing was conducted before the judge with regard to the commitment decision. The Code of Criminal Procedure provides no basis for such a bifurcated

proceeding, but there was no objection below. In our estimation, the decision to commit or not should be based upon the evidence presented before the jury.

■ At the second hearing, the State rested without offering any evidence. The only evidence previously presented was that of psychologist Dr. Luiz Natalicio, which clearly counselled against institutional treatment and recommended continuation of out-patient therapy, with a prognosis of renewed competency within nine to twelve months. Nonetheless, the Relator presented further evidence at the second hearing from Dr. Natalicio and a psychiatrist, Dr. Ben Hill Passmore, Jr. This testimony did provide some expert evidence upon which to base the commitment order. It eventually appeared that both Natalicio and Passmore were contemplating some period of local hospitalization in conjunction with their out-patient treatment. Relator's incompetency apparently stems from the combined residual effects of traumatic stress—depression, memory deficiency and possible organic brain damage. Verification of the latter (or its absence) could be made following alleviation of the depression and memory deficit. Both Natalicio and Passmore believed that the process of restoring competency could be accelerated by amytal enhanced therapy sessions in a controlled hospital setting of approximately thirty days duration. Thus, while counsel has persistently depicted a conflict of choices between out-patient and inpatient treatment, his own witnesses, the attending experts, actually describe a choice between different forms and locations of temporary institutionalization. Natalicio and Passmore indicated that they did not personally know whether or not their contemplated hospital regimen was available at Rusk, but expressed a generalized negative opinion of the treatment available through the state hospital.

The testimony of Natalicio and Passmore revealed that the gap between the experts' preferences and commitment to Rusk was much narrower than suggested by counsel. Furthermore, their preference for local hospitalization ancillary to out-patient treatment was clearly influenced by their concern beyond the competency for trial issue, in contemplation of full treatment and restoration of mental health, without regard to the criminal justice considerations. The court expressly considered these differing goals in evaluating the testimony. In our estimation, the expert testimony was sufficient to support a decision by the lower court in either direction.

■ While concluding that the record discloses no abuse of discretion by the lower court, no want of authority for the commitment order and no entitlement on the part of Relator to issuance of the writ, we write to comment upon apparent conceptual and procedural errors revealed by the statement of facts:

1) The competency issue and ancillary issues should be based upon a unified evidentiary presentation;
2) The burden of proof as to commitment is upon the party seeking such institutionalization;
3) The trial judge does not have unbridled discretion flowing from an affirmative answer as to incompetency, but must, under Section 5(b), base a commitment order upon some expert evidence that such treatment will enhance the resumption of competency.

Relator's petition for issuance of a writ of habeas corpus is hereby in all things denied.