**Edmond Clifford BOOKER,
Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–90–00385–CR.**

Court of Appeals of Texas,
El Paso.

March 13, 1991.

George Patton, Midland, for appellant.

Al W. Schorre, Jr., Dist. Atty. of Midland County, Midland, for appellee.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

## OPINION

KOEHLER, Justice.

This is an appeal from a denial of a writ of habeas corpus. We reverse the trial court's denial of the writ.

On October 5, 1989, the Appellant pled guilty to two indictments (Cause Nos. CRA–16,059 and CRA–16,064) charging him with credit card abuse and he was sentenced to three years' probation. The State filed motions to revoke probation in both causes on March 5, 1990. The Appellant was subsequently indicted for another offense of credit card abuse (Cause No. CRA–17,013). On November 16, 1990, a jury found that the Appellant was not competent to stand trial and that it was probable that he would regain competency in the foreseeable future. On the same day, the court entered an order committing the Appellant to Vernon State Hospital for treatment. The Appellant filed a writ of habeas corpus and a hearing was held on the writ on December 7, 1990. The court denied the writ and the Appellant was committed to Vernon State Hospital. It is from this ruling that the Appellant appeals.

In Points of Error Nos. One through Seven, the Appellant asserts constitutional and evidentiary complaints with regard to the failure of the State to produce evidence at his competency trial of mental retardation and the necessity for his commitment and hospitalization. Tex.Code Crim.Pro. Ann. art. 46.02 § 5(a) (Vernon Supp.1991) as amended, effective June 14, 1989, reads, in pertinent part:

Sec. 5(a) When a defendant has been determined incompetent to stand trial *for any felony or for a misdemeanor because of mental retardation* [emphasis added], and absent a determination that there is no substantial probability that the defendant will attain competency to stand trial in the foreseeable future, the court shall enter an order committing the defendant to the maximum security unit of any facility designated by the Texas Department of Mental Health and Mental Retardation, to an agency of the United States operating a mental hospital, or to a Veterans Administration hospital for a period not to exceed 18 months. When a defendant has been determined incompetent to stand trial for a misdemeanor because of mental illness and absent a determination that there is no substantial probability that the defendant will attain competency to stand trial in the foreseeable future, the court shall enter an order committing the defendant to the mental health facility designated by the Commissioner of Mental Health and Mental Retardation to serve the catchment area in which the committing court is located for a period not to exceed 18 months....

Prior to amendment, the above-quoted statute read, in part:

Sec. 5(a) When a defendant has been determined incompetent to stand trial, and absent a determination that there is no substantial probability that the defendant will attain competency to stand trial in the foreseeable future, the court shall enter an order committing the defendant to the maximum security unit of Rusk State Hospital, to the maximum security unit of any oth-er facility designated by the Texas Department of Mental Health and Mental Retardation, to an agency of the United States operating a mental hospital, or to a Veterans Administration hospital for a period of at least 60 days, but not to exceed 18 months....

Tex.Code Crim.Pro.Ann. art. 46.02 § 4(a) (Vernon Supp.1991) provides:

Sec. 4(a) If the court determines that there is evidence to support a finding of incompetency to stand trial, a jury shall be impaneled to determine the defendant's competency to stand trial. This determination shall be made by a jury that has not been selected to determine the guilt or innocence of the defendant. If the defendant is found incompetent to stand trial, a further hearing may be held to determine whether or not the defendant:

(1) is mentally ill and is likely to cause serious harm to himself or others or will, if not treated, continue to suffer severe and abnormal mental, emotional, or physical distress and will continue to experience deterioration of his ability to function independently and is unable to make a rational and informed decision as to whether or not to submit to treatment, and therefore requires in-patient mental health services; or

(2) is a mentally retarded person as defined in the Mentally Retarded Persons Act of 1977 (Article 5547–300, Vernon's Texas Civil Statutes), and, because of retardation, represents a substantial risk of physical impairment or injury to himself or others, or is unable to provide for and is not providing for his most basic physical needs and requires commitment to a mental retardation facility because he cannot be adequately and appropriately habilitated in an available, less restrictive setting.

Tex.Code Crim.Pro.Ann. art. 4602 § 4(d) (Vernon 1979) states:

(d) Instructions submitting the issue of incompetency to stand trial shall be

framed to require the jury to state in its verdict:

(1) whether the defendant is incompetent to stand trial; and

(2) if found incompetent to stand trial, whether there is no substantial probability that the defendant will attain the competency to stand trial within the foreseeable future.

Sec. 4(g) provides:

(g) If the defendant is found incompetent to stand trial and it is determined that there is a substantial probability that he will attain the competency to stand trial within the foreseeable future, the court shall proceed under Section 5 of this article.

Sec. 4(h) states:

(h) If the defendant is found incompetent to stand trial and there is found no substantial probability that he will become competent within the foreseeable future, and the court determines there is evidence that the defendant is mentally ill or is a mentally retarded person, and all charges pending against the defendant are not then dismissed, the court shall proceed under Section 6 of this article or shall release the defendant.

At the hearing on the Appellant's motion to determine competency, Dr. James E. Huddleston, Jr. testified that he was a licensed psychiatrist and that he had examined the Appellant with regard to his competency to stand trial. He stated before the jury that he judged the Appellant incompetent to stand trial. He also stated that:

It is my opinion that within the foreseeable future, provided adequate treatment, he could attain competency.

There was no other testimony before the jury with regard to the Appellant's mental status or the need for treatment, commitment or hospitalization.

It is the Appellant's first contention that, as there was no evidence that the Appellant was mentally retarded, the court had no authority to commit the Appellant pursuant to Section 5(a). The Appellant reads the phrase "for any felony or for a misdemeanor because of mental retardation" to preclude the section's applicability to the situation where the accused is charged with a felony and is found incompetent due to mental illness. Although it is arguably unclear whether "mental retardation" modifies both felony and misdemeanor or just the misdemeanor offenses, the rules of construction, properly applied, clear any uncertainty as to meaning.

■ A statute susceptible of more than one construction is to be interpreted in the way which will best effect the legislative intent to secure the benefit intended by constitutional means. *Alobaidi v. State,* 433 S.W.2d 440 (Tex.Crim.App.1968) cert. denied, 393 U.S. 943, 89 S.Ct. 313, 21 L.Ed.2d 281 (1968).

■ As an aid in construing statutes, the Code Construction Act is applicable to the Code of Criminal Procedure. *Ceaser v. State,* 624 S.W.2d 669 (Tex.App.—Beaumont 1981, no pet.), citing *Barbee v. State,* 432 S.W.2d 78 (Tex.Crim.App.1968).

■ The Code Construction Act is found in Tex.Gov't Code Ann. §§ 311.001 et seq. (Vernon 1988). Section 311.011 of this Code provides that, "(a) [w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." Section 311.021, entitled *Intention in Enactment of Statutes,* states:

In enacting a statute, it is presumed that:

(1) compliance with the constitutions of this state and the United States is intended;

(2) the entire statute is intended to be effective;

(3) a just and reasonable result is intended;

(4) a result feasible of execution is intended; and

(5) public interest is favored over any private interest.

Section 311.023, entitled *Statute Construction Aids,* provides:

In construing a statute, whether or not the statute is considered ambiguous on

its face, a court may consider among other matters the:

(1) object sought to be attained;

(2) circumstances under which the statute was enacted;

(3) legislative history;

(4) common law or former statutory provisions, including laws on the same or similar subjects;

(5) consequences of a particular construction;

(6) administrative construction of the statute; and

(7) title (caption), preamble, and emergency provision.

If we were to adhere to the Appellant's construction of Section 5(a), the dictates of the statutory scheme would cause felons found incompetent due to mental illness but likely to regain competence in the foreseeable future to be in a situation where they cannot be committed to a mental health institution regardless of the evidence before the jury. This would vitiate the effectiveness of Section 5(a) and severely restrict the object sought to be attained. While the statute is unartfully phrased, it is certainly subject to the interpretation that felons, whether found incompetent due to mental illness or mental retardation, are to be processed in the same manner as misdemeanor defendants found incompetent due to mental retardation. The fact that there is a separate method of proceeding with regard to misdemeanor defendants who are found incompetent due to mental illness outlined in the statute militates in favor of this construction. It is difficult to perceive that the legislature would not also make a distinction with regard to felons found incompetent by mental illness unless they had intended that both classes of felons be treated in the same manner. The former statute made no distinctions between the various classes of defendants. The Amendment is clearly an attempt on the part of the legislature to treat these classes somewhat differently and this Court will adhere to the statutory scheme as contained in the statute. The Appellant's contentions with regard to the constitutional and evidentiary objections to Section 5(a) are overruled.

The Appellant next contends that there was no evidence to support his commitment and hospitalization. We agree. Tex.Code Crim.Pro.Ann. Article 46.02 § 5(b) (Vernon 1979) requires that:

(b) No person shall be committed to a mental health or mental retardation facility under this section except on competent medical or psychiatric testimony.

▉ The burden of proof with regard to incompetency is upon the accused while the burden of proof as to commitment rests with the party seeking commitment. They are two separate questions. *Ex parte Haugen*, 752 S.W.2d 612 (Tex.App.—El Paso 1988, no pet.). In *Haugen*, this Court also held that the competency issue and ancillary issues should be based upon a unified evidentiary presentation. Further, the trial judge does not have unbridled discretion flowing from an affirmative response with regard to incompetency. He must, pursuant to Section 5(b), base a commitment order upon some expert evidence that such treatment will enhance the resumption of competency. This evidence should be presented before the jury. In the present case, the only suggestion with regard to this issue is the statement of the examining physician that, provided adequate treatment, the Appellant would regain competency. We find this assertion, without further explication, to be insufficient evidence to support the court's commitment order. The Appellant's contentions with regard to the evidence supporting the court's commitment order are sustained.

We reverse the trial court's denial of the writ of habeas corpus. However, it is unnecessary for us to issue the writ at this time since we have been informed by counsel that the Appellant has been released from the state hospital and returned to Midland County.