S. H. Weatherford v. The State.

No. 3465.     Decided May 8, 1907.

**Local Option—Prescription—Extraneous Crime—System—Intent.**

On trial for a violation of the local option law charging defendant with giving an illegal prescription as a physician, there was no error in permitting the State in introducing testimony to show the manner in which the defendant issued prescriptions for whisky to different parties, in order to show system and intent; besides defendant testified to all the actual sales he made.

Appeal from the County Court of Hunt. Tried below before the Hon. J. W. Manning.

Appeal from a conviction for a violation of the local option law; penalty, a fine of $100 and sixty days imprisonment in the county jail.

The opinion states the case.

*A. A. Ablowich,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—This prosecution was against a doctor for giving an illegal prescription. The information seems to comply with the rule laid down in Robinson v. State, 8 Texas Ct. Rep., 137, and Patton v. State, decided at the recent Dallas Term of this court. The evidence in the case shows that J. T. Clark, and his brother Julius, and one John Schultz, came to the town of Greenville, Hunt County, Texas, from the town of Cooper, in another county, and applied to appellant, each on several occasions the same day or night, for prescriptions in order to purchase whisky. The evidence shows that appellant had an office in a hotel run by T. B. Holland, in which said Holland was selling whisky on prescriptions in Hunt County, the same being a local option district. The evidence shows that appellant would give from five to twenty-five prescriptions for whisky during the day; that he had license to practice medicine in Hunt County; that he gave no prescription for anything else except whisky, and all of same were given to Holland's bar. Over appellant's objection, the State was permitted to introduce all of the above named witnesses, including one Ben Stephens, who severally testified to having secured from appellant a prescription to purchase whisky, each paying appellant twenty-five cents for the prescription. None of them ever saw appellant before, and they gave various reasons for wanting the prescriptions; some stating that they were having chills, some that they had fever, etc.

The prosecution in this case was based upon having given a prescription to J. T. Clark illegally. Appellant objected to the introduction of the other testimony on the ground that it was proving extraneous crime. The court admitted same, however, and charged the jury that it was admissible for the purpose of showing system or intent. We think the evidence was admissible to show intent. Appellant takes the stand and testifies that he thought and believed, when he gave the prescriptions, that he was doing so properly. The rest of the evidence, however, shows clearly that this was not true; that he did not believe the parties were sick, or at least it was evidence admissible for the purpose of showing that he did not believe it, and the jury have seen fit to so decide. The record before us clearly shows, we take it, authority for the decision of the jury. Furthermore, if said testimony was not admissible, appellant got upon the stand and testified to all the actual sales himself, and this of itself would render harmless the testimony.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*