### G. W. MORSE, ALIAS GUS MORRIS v. STATE.

#### No. 2243. Decided January 8, 1913.

**1.—Forgery—Charge of Court—Recent Use of Ardent Spirits.**

Where, upon trial of forgery, the evidence showed that if defendant was drinking, it was after the check was made, the issue of temporary insanity caused by recent use of intoxicants should not have been submitted.

**2.—Same—Insanity—Charge of Court.**

Where, upon trial of forgery, there was evidence that the defendant was an escaped lunatic, and that whenever he was drinking his mind was more affected than usual by reason of that fact, this matter should have been submitted to the jury.

**3.—Same—Permanent Insanity—Charge of Court.**

Where defendant was charged with forgery committed on the 30th of March, 1910, and the evidence showed that he had been adjudged a lunatic in November, 1907, and the court charged that the burden of proof was upon the defendant, as though the question of insanity had not been shown by previous judgment of a court, the same was reversible error.

**4.—Same—Rule Stated—Presumption—Insanity—Burden of Proof.**

The rule is in Texas that where insanity has been once shown to exist, as by judgment of a court, the presumption is that insanity continues, and the burden of proof is upon the State to show otherwise and the jury must be so charged. Following Hunt v. State, 33 Texas Crim. Rep., 252, and other cases.

**5.—Same—Permanent Insanity—Lucid Intervals—Presumption.**

The presumption is, in cases of permanent or continuing insanity, that the defendant continues insane where he has been adjudged insane, and the prosecution must overcome this presumption, and if there are lucid intervals, it devolves upon the State to show that fact and that defendant was in such condition at the time of the alleged offense to know right from wrong.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Allen & Allen,* for appellant.—On question of permanent insanity and presumption; Taylor v. State, 49 Texas Crim. Rep., 7, and cases cited in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of forgery, his punishment being assessed at two years confinement in the penitentiary.

The indictment contains two counts, the first charging forgery, the other for passing a forged instrument. The evidence shows that appellant went to the witness Spellman and presented the check in question. After talking with the defendant and his friend George McDonald, who was with him, Spellman cashed the check.

The court charged the jury with reference to temporary insanity produced by the recent use of intoxicants. Only Spellman testified in regard to the question of intoxication, and his evidence is to the effect that when appellant came into his saloon he saw nothing wrong about him, but after he received the money on the check amounting to $7.50 he began treating the crowd, himself taking two or three drinks. Appellant may or may not have been drinking, but Spellman says he noticed nothing wrong about him and in fact saw no practical difference between him after he took two or three drinks as compared to his condition when he first came into his saloon. Under this statement of facts we are of opinion appellant's contention was correct that the issue of temporary insanity from recent use of intoxicants was not raised. What drinking was done was after the instrument had been passed. If he was drinking after the check was made, the issue of temporary insanity at a subsequent date would not be in the case. If he was temporarily insane from the use of intoxicants at the time of making the instrument, if he did make it, the issue would be in the case. Upon another trial if the facts are the same as upon the previous trial, the jury should not be so instructed. Again, it is urged that the issue of permanent or continuing insanity was in the case. This alleged forgery occurred on the 30th of March, 1910. On the 6th of November, 1907, appellant was adjudged a lunatic in the

County Court of Rockwell County and sent to the lunatic asylum at Terrell. The proceedings in the lunacy trial in Rockwell County were in strict accord with the statutory requirements. The jury found appellant was of unsound mind, and that he should be placed under restraint, also that he was thirty years of age, and had had various attacks of insanity within the two previous years, and there was some insanity among his relatives. The evidence further shows that while in the lunatic asylum he was placed in the violent ward, as some of the witnesses call it, from which he finally made his escape. It is shown whenever he was drinking that his mind was more affected than usual by reason of that fact. This is mentioned in connection with the previous charge on temporary insanity. If appellant was drinking and it affected his mind, viewed in the light of his adjudged insanity, or rendered it more probable he was insane, as some of the witnesses testified, the charge in regard to intoxicants should have been given in that connection and as bearing on his permanent insanity and the effect it had upon his mental condition from the permanent or continuing insanity standpoint, if intoxicants entered into or was a part of the case. We mention these matters so that upon another trial the court may properly adjust the law to the facts.

Another question is presented of serious import, to wit: the court failed to charge on permanent or continuing insanity. In other words, the court charged the burden of proof was upon the defendant as if the question of insanity had not been shown by previous judgment of a court. There is objection to the charge and insistence that the court should have charged the jury in accordance with the fact that where insanity is shown to exist and is of a permanent nature, the court should charge that the burden of proof is on the State and not on the defendant. Three rules seem to be fairly well stated in this connection: It is the presumption of law that all men are sane, and the burden to prove insanity is upon the party alleging it. That is the first rule. The second is: Insanity admitted or once proved to exist, is presumed to continue; third, if a recovery or a lucid interval is alleged to have occurred, the burden to prove such allegation is on the party making it. The presumption arises in cases where the insanity is continuing and permanent in its nature or where the cause of the disorder is continuing and permanent. It is unnecessary to cite authorities to support these rules. In Texas the rule is, that where insanity has been once shown to exist as by judgment of the court, the presumption is that insanity continues, and the burden of proof is upon the State, to show otherwise and the jury must be so informed. Hunt v. State, 33 Texas Crim. Rep. 252; Wooten v. State, 51 Texas Crim. Rep. 28; Wisdom v. State, 42 Texas Crim. Rep. 79; Sims v. State, 50 Texas Crim. Rep. 563; Elston v. Jasper, 45 Texas, 409.

Where permanent or continuing insanity is relied upon and is a part of the case, and it has been shown, as in this case, that the party

has been adjudged insane, the prosecution must overcome this presumption, and if it desires to show that the accused was not insane must introduce evidence to meet this question, and if there should be lucid intervals, it devolves upon the State to show that fact. In other words, whenever it is shown that the party is insane, then the burden of proof devolves upon the State and not upon the defendant to show that he was in condition at the time of the alleged offense to know right from wrong, and the jury in regard to these matters must be appropriately instructed.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*