## RAY DAWSON v. THE STATE.

No. 23720. Delivered June 25, 1947.

*H. M. Hood,* of Borger, and *Clem Calhoun,* of Amarillo, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is rape. The punishment assessed is confinement in the state penitentiary for a period of five years.

At the very threshold of this case we are confronted with what at first appears to be a novel and somewhat complex question. However, when the question is properly analyzed, it unfolds itself and is readily understood and easily solved by the application of Art. 932a, C. C. P.

The record before us reflects that on the 12th day of July, 1946, the grand jury of Potter County returned an indictment against appellant in which he was charged with having, on the 3rd day of July, 1946, committed the offense of rape. Thereafter, on the 1st day of October, 1946, the court set the trial of the case for the 16th day of said month. On the 1st day of

October, appellant, by and through his counsel, filed a motion in said court in said cause in which it was averred that he, the defendant, was insane at the time of the alleged commission of the offense as well as at this time, and was incapable of making a proper defense, and too irrational to inform his attorneys of sufficient facts to properly present his defense. To this motion there was attached the affidavit of his father and mother in which it was averred that he was insane at this time and also insane at the time of the commission of the offense with which he was then charged.

Thereafter, on the 16th day of October, 1946, appellant was placed on trial on the issue of his insanity. However, the court for some reason not disclosed by the record only submitted the issue of his present insanity to the jury who found him to be insane. That verdict was received by the court and he was adjudged to be a person of unsound mind, incapable of making, with the aid of his counsel, a rational defense. The court made and entered his order committing him to the custody of the sheriff until such time as he could be transferred to the Veteran's Mental Hospital at Waco, Texas, and that said proceedings be forthwith certified to the county judge of Potter County, who shall at once take the necessary steps to have him committed to and confined in said hospital until he becomes sane. The court adjourned for the term on the 9th day of November, and the next term of said court began on the 11th day of November at which time appellant filed a motion for a new trial based on the ground that the court had erred in submitting to the jury only the issue of his present insanity and not his insanity at the time of the commission of the offense with which he stood charged. This motion was subsequently withdrawn and the court dismissed the same. Thereupon, the court set the trial of appellant on the charge of rape for the 13th day of January, 1947, without the judgment of his insanity having been set aside, vacated, and without any proceeding as provided by law in which his recovery of his insanity had been properly ascertained and adjudicated.

On the 13th day of January, 1947, when appellant was put on trial for the offense of rape, and after the State had introduced all of its evidence and rested, he moved the court to instruct the jury to return a verdict of not guilty on the ground that the evidence was not sufficient since he had been duly adjudged to be insane on October 16th, 1946, and attached copy of the judgment to his motion. The motion was overruled by the court and the trial of the case proceeded to its final conclusion.

The jury found him to have been sane at the time of the commission of the offense as charged in the indictment, and assessed his punishment as above stated. The withdrawal of the motion for a new trial, even if the court could have considered the same at the subsequent term of court, left the judgment of his present insanity in full force and effect. This being true, in the absence of any proceeding in which he was adjudged to have recovered his sanity, the presumption obtained that he was insane at the time of his trial for the offense of rape. However, appellant was not entitled to an instructed verdict of not guilty since the issue of his insanity at the time of the commission of the offense had not been determined. This brings us to the question of whether or not the court, in the face of the judgment of his present insanity, could try him for the offense of rape. We are of the opinion that he could not. It may be contended that since appellant applied for a special venire that he waived his judgment of present insanity. This may be answered that a person who is insane cannot waive any legal right which he may have.

We are of the opinion that the trial court erred in placing appellant on trial while the judgment of present insanity was in full force and effect. This conclusion finds support in the cases of Witty v. State, 153 S. W. 1146, Rice v. State, 120 S. W. (2d) 588, and Irons v. State, 152 S. W. (2d) 359.

There are other questions presented which we do not deem necessary to discuss at this time since they may not arise upon another trial. For the error herein pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.