Danny VILLARREAL, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–84–00125–CR.

Court of Appeals of Texas,
San Antonio.

Oct. 23, 1985.

Rehearing Denied Nov. 15, 1985.

three prior convictions alleged for enhancement. The defendant was found guilty following a jury trial, and the jury assessed his punishment at twenty-five years' confinement.

Following the defendant's indictment for the above offense, a jury found him incompetent to stand trial. He was committed to Rusk State Hospital for treatment. Some three months after his commitment, the defendant was discharged from Rusk State Hospital on the certification of the superintendent that the defendant had been found competent. The defendant's attorney filed objections to that determination under the provisions of TEX.CODE CRIM.PROC. ANN. art. 46.02 § 5(i) (Vernon 1983) and requested another jury trial on the issue of the defendant's competency to stand trial.

The defendant's first three grounds of error claim procedural mistake in the conduct of the second competency jury trial. The defendant contends that the court erred in instructing the jury that the defendant was presumed to be incompetent and placing the burden of proof upon the State to show that he was now competent.

Texas jurisprudence used to differentiate between insanity at the time of the offense and insanity at the time of the trial. The former, if proved, was an absolute defense to the crime charged. Insanity at the time of trial, or present insanity, acted as a bar against any further proceedings until the defendant became sane. The case law developed presumptions and burden of proof under the then applicable statutes. *Saucier v. State*, 156 Tex.Cr.R. 301, 235 S.W.2d 903 (Tex.Crim.App.1950), *cert. denied*, 341 U.S. 949, 71 S.Ct. 1016, 95 L.Ed. 1372 (1951).

The insanity defense is now controlled by TEX.CODE CRIM.PROC.ANN. art. 46.03 (Vernon 1983). Present insanity is now denominated "incompetency to stand trial" pursuant to the applicable statute TEX. CODE CRIM.PROC.ANN. art. 46.02 (Vernon 1983). A portion of the case law which developed is incorporated in article 46.02 § 1(b), which states: "A defendant is presumed competent to stand trial and shall be

Quinton Etzel, Del Rio, for appellant.

Thomas F. Lee, Dist. Atty., Del Rio, for appellee.

Before CADENA, C.J., and ESQUIVEL and DIAL, JJ.

## OPINION

DIAL, Justice.

This is an appeal for a conviction for unauthorized use of a motor vehicle with

found competent to stand trial unless proved incompetent by a preponderance of the evidence."

Section 4 of the statute sets out how the incompetency hearing is to be conducted including instructions to the jury. Section 5 sets out how a defendant who has been determined incompetent to stand trial shall be committed to Rusk State Hospital. The section also provides that the head of the hospital shall notify the committing court when he is of the opinion that the defendant has attained competency to stand trial. The court is authorized to make a determination based solely on the report with regard to the defendant's competency to stand trial unless the prosecuting attorney or the defense counsel objects to the findings. Upon request, the defendant is entitled to have the issue heard by a jury. In the present case, the defendant's attorney filed written objection to a determination of the defendant's competency to stand trial based solely on the report, and requested a hearing before a jury.

At the subsequent jury trial the court in its jury charge instructed as follows:

> Once a defendant has been found incompetent to stand trial, he shall continue to be presumed incompetent to stand trial unless proved competent to stand trial by a preponderance of the evidence.
>
> By the term "preponderance of the evidence" is meant the greater weight and degree of the credible evidence in the case.

Defendant cites two cases for the proposition that the burden of proof should have been on the defendant rather than the State. In *White v. State,* 591 S.W.2d 851, 854 (Tex.Crim.App.1979) the court noted that in a *"regular* competency hearing" (emphasis added) the burden of proof is on the defendant. By a "regular competency hearing" we understand the court to be referring to the initial hearing on the issue of a defendant's incompetency to stand trial rather than a subsequent hearing restoring the defendant to the status of one who has again attained competency to stand trial.

In *Finch v. State,* 638 S.W.2d 215 (Tex. App.—Fort Worth 1982, pet. ref'd), the defendant had been twice found incompetent. He was afforded a third competency hearing at which time the jury found him competent. The question raised on appeal was whether the proof at either the first or second incompetency hearing should have been by a preponderance of the evidence, not who had the burden of proof. The opinion repeats the above quoted portion of article 46.02 § 1(b) and by dictum stated that the burden of proof was on the appellant. We do not consider this as controlling authority that on a subsequent or restoration hearing on the issue of whether a defendant has now attained competency to stand trial.

The older cases dealing with what was then termed "sanity at the time of trial" held that where there was a prior adjudication of insanity, the burden of proof on the issue of sanity at the time of trial would be on the State. *Ex parte Tuttle,* 445 S.W.2d 194, 199 (Tex.Crim.App.1969). Although the present statute denominates the issue as present competency to stand trial, there is no reason why the burden of proof should be differently placed.

 We hold that in a case where the defendant has been previously found incompetent, the presumption of competency does not prevail, and the State has the burden of proving competence by a preponderance of the evidence unless there has been no objection by the defendant to the report from the head of Rusk State Hospital. It is the State which is asserting that a condition has changed and therefore they should have the burden of proving it. By objecting, the defendant is relying on the status quo of the prior adjudication where he did have the burden of proof.

The trial judge was correct in the procedure here adopted, and the first two grounds of error are overruled.

Grounds of error three and four concern the trial court's exclusion at the second competency hearing of lay opinion testimony and the defendant's testimony concern-

ing past behavior. The defendant's sister was asked to relate an incident in the defendant's life, alleged to have occurred some ten years prior to the hearing. She was also called on to testify to observations "over the years" and things the defendant had done "throughout his young life." The court ruled that the evidence offered did not go to the issue of present competence to stand trial. Similar questions were asked of the defendant relating to past events without reference to any specific time period. The court again excluded the testimony.

■ Evidence must be relevant to a contested issue in order to be admissible. The determination of this admissibility is within the sound discretion of the trial judge. *Stone v. State,* 574 S.W.2d 85, 89 (Tex. Crim.App.1978). Here the issue was the defendant's competence to stand trial on the day of the hearing. Excluding remote events or those not related to a definite time period fell within the trial judge's discretion. No abuse is shown. Grounds of error three and four are overruled.

■ In ground of error five the defendant complains that the trial court did not permit full development of the testimony of the defense witness who would have impeached a State's witness. This was on a collateral matter as to whether or not the State's witness had demanded money in exchange for dropping the charges against the defendant. The witness sought to be impeached admitted in his testimony that he had told the defendant's sister if she would pay the wrecker fee on the stolen car, the owner would not press charges. Other witnesses corroborated this testimony with the only variance being in the amount of money required. In cases that have been reversed on restriction of impeachment testimony the facts were usually in strong conflict, and the credibility of the particular witness was critical. Such was not the case here. The defendant was not harmed by the excluded testimony, and the ground of error is overruled.

■ The final ground of error complains of the court allowing a witness to testify who was not on the pretrial list of witnesses provided to the defense. A pretrial discovery order required that the defendant be provided with a list of the State's witnesses. On the morning of trial the State's prosecutor discovered that one of the witnesses listed was a stroke victim who would be unable to testify. The State requested permission to substitute another witness. This witness testified on the uncontroverted issue of ownership of the automobile. The defense was permitted to interview the witness prior to cross-examination and thoroughly cross-examined her on the stand. The prosecution's failure to comply strictly with the discovery order was harmless error. *Hernandez v. State,* 636 S.W.2d 611, 613 (Tex.App.—San Antonio 1982, no pet.). The ground of error is overruled.

The judgment of conviction is affirmed.