**Bruce MARTIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–85–243–CR.**

Court of Appeals of Texas,
Corpus Christi.

June 12, 1986.

Rehearing Denied Aug. 29, 1986.

Robert Weathers, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before SEERDEN, UTTER and BENAVIDES, JJ.

## OPINION

SEERDEN, Justice.

A jury convicted appellant on two counts of burglary of a habitation, as a repeat felony offender, and the court assessed punishment at two concurrent terms of 50 years each in the Texas Department of Corrections. Before trial on the merits, a jury found appellant incompetent to stand trial, and also found a substantial probability that he would attain competency in the future. The court committed appellant to Rusk State Hospital. After a brief stay, the superintendent released appellant to the court, having determined that appellant was "now mentally competent" to stand trial. The court held a second competency hearing, and the jury found appellant competent. At trial, appellant's insanity defense failed. Appellant alleges error in the second competency hearing and at trial. We affirm the conviction.

■ By his first ground of error, appellant alleges that the trial court erred by improperly placing the burden of proof on appellant during the second competency hearing. We note at the outset that defense counsel stated in argument at the hearing that appellant had the burden of proof, and did not object to the charge. Thus, a reversal is mandated only if he shows error which is so egregious that he has not had a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim.App.1984).

■ TEX.CODE CRIM.PROC.ANN. art. 46.02 (Vernon 1979) sets out procedures to be followed when competency to stand trial is an issue. Section 1(b) states, "A defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence." Thus, the burden of proof is on the defendant at a competency hearing. *White v. State*, 591 S.W.2d 851, 854 (Tex.Crim.App.1979); *Parker v. State*, 667 S.W.2d 185, 187 (Tex.App.—Texarkana 1983, pet. ref'd), *cert. denied*, 469 U.S. 1085 105 S.Ct. 590, 83 L.Ed.2d 699 (1984). Section 4 sets out the procedures to be followed during the hearing. Under § 4(g), if a defendant is found incompetent to stand trial and it is determined that there is a substantial probability that he will attain competency to stand trial within the forseeable future, the court shall proceed under § 5. Section 5 sets out procedures to be followed after a declaration of incompetence, including terms of commitment to a mental health facility.

Section 5(f)(1) requires the facility head to notify the court when he is of the opinion that the defendant has attained competency to stand trial. While there is no reference to the burden of proof at subsequent competency hearings, § 5(i) provides that when the head of a facility discharges a defendant, he shall make a report to the court. The court is authorized to make a determination based solely on the report if neither the defense or the prosecution requests a hearing. We find no indication in the statute that the burden of proof in any subsequent hearings is different from that in the initial hearing.

■ We have examined *Villarreal v. State*, 699 S.W.2d 364 (Tex.App.—San Antonio 1985, no pet.), and disagree with the statement that if the defendant previously has been found incompetent, the State has the burden of proving competence unless there has been no objection to the report.

*Id.* at 366. That opinion cites *Ex parte Tuttle,* 445 S.W.2d 194 (Tex.Crim.App. 1969), which refers to older cases which state that, after unvacated adjudications of insanity, the burden of proof on the issue of sanity at the time of trial is on the State.

Specifically, *Tuttle* cites *Clark v. Beto,* 359 F.2d 554 (5th Cir.1966) and *Sharp v. Beto,* 276 F.Supp. 871 (N.D.Tex.1967). In *Clark,* the defendant had been adjudicated insane in a civil proceeding, but, although he was released, the lunacy adjudication had not been vacated. In *Sharp,* the defendant had been committed to a State hospital, but the record did not include release papers. The cases held that an unvacated judgment of insanity gives rise to a presumption of continuing insanity, which in any subsequent criminal proceeding has the effect of shifting the burden on the issue of insanity to the State. *See also McGee v. State,* 155 Tex.Cr.R. 238 S.W.2d 707, 710–11 (1950) (Army discharge for insanity was not "adjudication," which required jury verdict).

In the case at bar, the jury merely found appellant incompetent to stand trial and further found a substantial probability that he would attain competency within the forseeable future. This situation differs from those in the older cases previously cited. We find no statutory authority to shift the burden of proof to the State after a defendant has been committed and subsequently has been declared competent. Instead, we find that appellant's discharge from the mental health facility based on the superintendent's finding of competency as authorized by statute terminated any presumption of legal incompetency that attached when he was committed. *Thompson v. State,* 612 S.W.2d 925, 929 (Tex.Crim.App. 1981); *Paul v. State,* 544 S.W.2d 668, 671 (Tex.Crim.App.1976). We overrule ground one.

■ By his second ground of error, appellant claims that during the trial, the court suggested a ground for introduction of evidence, and that this prejudiced appellant's defense and deprived him of a fair and impartial trial.

Our examination of the record reveals that, after defense counsel objected to certain testimony, the court asked the prosecutor for what purpose he would offer the testimony. After a lengthy reply by the prosecutor, the court asked, "Is this also all offered as rebuttal to Mr. Martin's testimony itself?" The prosecutor responded affirmatively, and defense counsel approached the bench and requested a mistrial "based upon the court suggesting to counsel a possible reason for referring to the incident and testimony." Appellant suggests on appeal that the question was a comment on the weight of the evidence. We find that the court's question could be properly characterized as an attempt to clarify the prosecutor's response, and was not improper.

■ Moreover, appellant did not object to the allegedly improper question or ask for an instruction to disregard, but simply asked for a mistrial. Thus, appellant failed to properly preserve error. *Brooks v. State,* 642 S.W.2d 791, 798 (Tex.Crim.App. 1982). We do not find that this question deprived appellant of a fair and impartial trial. *Almanza* at 1711 We overrule ground two.

We AFFIRM the conviction.