Keith Dwight MANNING, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 001–86 to 005–86.

Court of Criminal Appeals of Texas, En Banc.

April 29, 1987.

Michael Byck, Tena M. Hollingsworth, Lawrence B. Mitchell on appeal only, Dallas, for appellant.

John Vance, Dist. Atty. & Gary A. Moore, Elizabeth L. Phifer, Stephen Miller & Marcus Busch, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

A jury at a pretrial competency hearing found appellant competent to stand trial. Appellant was subsequently convicted of attempted murder and assessed punishment at confinement for life. The Dallas Court of Appeals affirmed the conviction. *Manning v. State*, 704 S.W.2d 825 (Tex. App.—Dallas 1985).

In response to an issue discussed by the dissenting justice, the majority opinion of the Court of Appeals held that the facts adduced at the competency hearing did not clearly show a prior, unvacated adjudication of incompetency so that the burden to prove competency shifted to the State. Further, the court held that even if a prior, unvacated adjudication of incompetency was shown, the trial court's instruction to the jury was correct because it instructed the jury that "[t]he burden of proof of competency is upon the State to prove the defendant's competency by preponderance of the evidence; that is, by the greater weight of the credible testimony."

The dissent agrees that the charge correctly placed the burden of proof on the State, but, the dissent argues that the standard should have been proof beyond a reasonable doubt, not a preponderance of the evidence. Cf. also *Villarreal v. State*, 699 S.W.2d 364 (Tex.App.—San Antonio 1985); *Martin v. State*, 714 S.W.2d 356 (Tex.App. —Corpus Christi 1986).

We granted appellant's petition for discretionary review to consider whether the trial court's charge was correct in instruct-

ing the jury that the State must prove competency by a preponderance of the evidence. In conjunction with this issue, we granted review to consider whether a prior, unvacated adjudication of incompetency was shown.

■ From earliest times, this Court has held that the general rule in Texas is that "where insanity is set up in the trial of a case to avoid punishment for an act charged to be criminal, the presumption is that he [the defendant] is sane, and the burden of proof is on him to show by preponderance of evidence that he is insane." *Witty v. State,* 69 Tex.Cr.R. 125, 153 S.W. 1146, 1147 (1913).[1] The rule in Texas is also well settled that wherever insanity has been shown to exist, as by a prior judgment of the court, the presumption is that the insanity continues and the burden is upon the State to prove *beyond a reasonable doubt* that the defendant was sane at the time of the offense. *Wisdom v. State,* 42 Tex.Cr.R. 583, 61 S.W. 926 (1901); *Wooten v. State,* 51 Tex.Cr.R. 430, 102 S.W. 416 (1907); *Morse v. State,* 68 Tex. Cr.R. 351, 152 S.W. 927 (1913); *Witty,* supra; *Davidson v. State,* 109 Tex.Cr.R. 251, 4 S.W.2d 74 (1928); *Glover v. State,* 125 Tex.Cr.R. 605, 69 S.W.2d 136 (1934); *Kizer v. State,* 130 Tex.Cr.R. 185, 92 S.W.2d 439 (1936); *Herring v. State,* 141 Tex.Cr.R. 281, 148 S.W.2d 416 (1941); *Murray v. State,* 147 Tex.Cr.R. 474, 182 S.W.2d 475 (1944); *Gephart v. State,* 157 Tex.Cr.R. 414, 249 S.W.2d 612 (1952); *Nilsson v. State,* 477 S.W.2d 592 (1972), citing *Murray,* supra; cf. *Thompson v. State,* 612 S.W.2d 925 (1981), citing *Morse,* supra.

The issue of sanity arises in two situations—sanity at the time of commission of the offense; and sanity at the time of trial—"present sanity" or competency. While this Court sometimes recognized the different and distinct mental concepts applicable to each form of sanity, *Ramirez v. State,* 92 Tex.Cr.R. 38, 241 S.W. 1020 (1922), and *Witty,* supra, the distinction often went unmentioned in earlier cases.

The two forms were often discussed together as forms of "sanity" that were treated similarly except for the fact they occurred at different times. See V.T.C.A., Penal Code, Art. 34 (1925); Art. 932b, V.A. C.C.P. (1925); Art. 46.02, V.A.C.C.P. (1965). The same rules as to burden shifting and standard of proof that applied to sanity at the time of the offense also applied to "present sanity." No distinction was made between the two in regard to burdens of proof or burden shifting. *Dawson v. State,* 150 Tex.Cr.R. 465, 203 S.W.2d 231 (1947); *Morrow v. State,* 154 Tex.Cr.R. 21, 224 S.W.2d 481 (1949); *Witty,* supra; *McGee v. State,* 155 Tex.Cr.R. 639, 238 S.W.2d 707 (1951).

The careful trial court placed the burden of proof upon the State to show beyond a reasonable doubt not only that appellant was sane at the time of the alleged offense, but also at the time of the trial, on account of the fact that he had been found insane in the Tarrant County Court on September 25, 1940. We think such instruction was a correct proposition of law. See *Gunter v. State,* 139 Tex.Cr.R. 145, 139 S.W.2d 116 [(1940)]; *Herring v. State,* 141 Tex. Cr.R. 281, 148 SW.2d 416 [(1941)].

*Morrow,* supra, 224 S.W.2d at 485.

Indeed, under early cases a prior, unvacated adjudication of insanity, regardless of the "type" of insanity found—whether general insanity or "present insanity,"—shifted the burden of proof to the State to prove sanity at the time of the offense and sanity at the time of trial, beyond a reasonable doubt. *McGee,* supra; *Morrow,* supra; *Dawson,* supra. No distinction was made in terms of the applicability of the presumption of insanity and the burden shifting between a prior judgment of "present sanity" and a prior judgment of sanity at the time of the offense. This was so because the presumption of insanity "arose" once a prior, unvacated adjudication of insanity was shown, regardless of the "type" of insanity, and the accused was presumed

---

1. No longer is the "presumption of sanity" an accurate label, although the initial burden is still on the accused to show incompetency or

insanity. *Madrid v. State,* 595 S.W.2d 106 (Tex. Cr.App.1980).

continuously insane from the time of judgment onward unless the judgment was set aside or legally vacated in any way. *Witty,* supra; *Davidson,* supra; *Glover,* supra.[2]

This blurred distinction between sanity and incompetency was still reflected in the statutes. Article 46.02, V.A.C.C.P., enacted in 1965, contained provisions for raising both incompetency and insanity at the time of the offense. Art. 46.02 was titled "Insanity in Defense or in bar". The procedural rules for competency and sanity were combined in this one statute. The common law rules concerning the burden shifting remained the same.

In 1973, insanity was separately codified when V.T.C.A. Penal Code, § 8.01 was enacted, characterizing insanity at the time of the conduct charged as an affirmative defense, thus requiring the defendant to prove insanity by a preponderance of evidence. See V.T.C.A. Penal Code, § 2.04. As the Practice Commentary to § 8.01 notes, this characterization of insanity as an affirmative defense "preserves the burden of proof that previously existed on the issue, e.g. *McGee v. State,* [155 Tex.Cr.R. 639], 238 S.W.2d 707 (Cr.App.1950), ..." V.T.C.A. Penal Code, § 8.01, Practice Commentary. Criminal cases began to distinguish prior adjudications for sanity from those for incompetency. *Ainsworth v. State,* 493 S.W.2d 517 (Tex.Cr.App.1973); *Nichols v. State,* 501 S.W.2d 333 (Tex.Cr. App.1973).

In 1975 the Legislature further separated incompetency and insanity by separate provisions in the Code of Criminal Procedure. Art. 46.02 was titled "Incompetency to Stand Trial." Art. 46.03 was labeled "Insanity Defense." In 1977, Art. 46.02, § 1(b) was added, and, consistent with common law, stated:

> (b) A defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence.

The presumption and burden of proof for insanity had previously been codified in § 8.01. Thus, insanity and incompetency were recognized by separate statutes as similar but distinct issues of mental status with different definitions and legal ramifications. The same burden shifting rules established by common law still applied, but only within each "type" of sanity. For example, a prior finding of incompetency shifted the burden to the State only as to incompetency. A prior adjudication of insanity shifted the burden to the State for insanity, not incompetency. *Ainsworth,*

---

**2.** The lack of distinction as to the "type" of sanity adjudged in regard to shifting the presumption of insanity and incompetency began to change in 1957 when Art. 5547–83 of the Mental Health Code set forth a distinction between a prior adjudication of mental illness and one of incompetency.

> Art. 5547–83. Legal Competency
> (a) The judicial determination under this Code that a person is mentally incompetent creates a presumption that the person continues to be mentally incompetent until he is discharged from the mental hospital or until his mental competency is redetermined by a court.
> (b) The judicial determination that a person is mentally ill or the admission or commitment of a person to a mental hospital, without a finding that he is mentally incompetent, does not constitute a determination or adjudication of the mental competency of the person and does not abridge his rights as a citizen or affect his property rights or legal capacity.

This statute did not change existing law. "As under previous law, a judicial determination that a person is mentally incompetent merely creates a rebuttable presumption of incompetency which may be overcome by proof of actual competency." V.T.C.A. Mental Health Code, Art. 5547–83, Historical Comment (1958). Criminal cases eventually applied this distinction between mental illness and incompetency and held that a prior adjudication of incompetency to stand trial did not constitute an adjudication of insanity under Sec. 8.01, and vice versa, so as to shift the burden of proof. *Thompson v. State,* 612 S.W.2d 925 (Tex.Cr.App.1981); *Graham v. State,* 566 S.W.2d 941 (Tex.Cr.App.1978); *Paul v. State,* 544 S.W.2d 668 (Tex.Cr.App.1976); *Nichols v. State,* 501 S.W.2d 333 (Tex.Cr.App.1973); *Ainsworth v. State,* 493 S.W.2d 517 (Tex.Cr. App.1973). To this extent then, the common law rule that a prior, unvacated adjudication of insanity, regardless of the "type" of insanity, shifted the burden of proof to the State and changed the standard of proof, was modified. The burden shifting rules and the presumption of incompetency and/or insanity that apply once a prior adjudication is shown remained unchanged.

supra; *Nichols,* supra; *Paul v. State,* 544 S.W.2d 668 (Tex.Cr.App.1976); *Graham v. State,* 566 S.W.2d 941 (Tex.Cr.App.1978); *Thompson v. State,* 612 S.W.2d 925 (Tex. Cr.App.1981). The common law rules governing the standard of proof and the burden of proof, which were identical for insanity and incompetency, were preserved and codified. See § 8.01 and Art. 46.02, § 1(b). The burden shifting rules were not codified. However, they remained applicable. As Justice Howell points out in his dissent, Art. 1.27, V.A.C.C.P. provides:

> If this code fails to provide a rule of procedure in any particular state of case which may arise, the rules of common law shall be applied and govern.

As discussed, the case law through the years is fairly clear that a defendant has the burden of proving by a preponderance of the evidence, his incompetency to stand trial or his insanity at the time of the offense. Cf. § 8.01 and Art. 46.02, § 1(b). Case law is also clear that the burden of proof shifts to the State if a prior, unvacated adjudication of incompetency or insanity is shown. Cf. *Graham,* supra; *Paul,* supra; *Nichols,* supra. We hold, consistent with common law, that if such prior adjudication for *incompetency* is shown, the State must then prove the accused's *competency* to stand trial beyond a reasonable doubt. Likewise, if a prior, unvacated adjudication of *insanity* is shown, the State must prove the accused's

sanity at the time of the offense beyond a reasonable doubt.[3]

While the Court of Appeals may be correct that such a burden on the State is not constitutionally mandated, neither is a lesser burden mandated. Cf. *U.S. v. Makris,* 535 F.2d 899 (5th Cir.1976), reh. denied, 540 F.2d 1086, *cert. denied,* 430 U.S. 954, 97 S.Ct. 1598, 51 L.Ed.2d 803; *Breland v. State,* 489 S.W.2d 623 (Tex.Cr.App.1973); *Nilsson v. State,* 477 S.W.2d 592 (Tex.Cr. App.1972). We agree that sanity and competency are very different issues and sanity may more logically be evaluated under a reasonable doubt standard. However, case law leaves little doubt that as far as burden shifting and standard of proof, insanity and incompetency have been treated alike. Nothing in the Penal Code or Code of Criminal Procedure suggests we abandon this long established burden shifting on the issue of incompetency or insanity and we decline to do so in the instant case.

The Court of Appeals relied, to some extent, on *Ex Parte Yarborough,* 607 S.W.2d 565 (Tex.Cr.App.1980), to hold that the instruction to the jury in the instant case that the preponderance standard of proof applied was correct. *Ex Parte Yarborough* states,

> Prior to 1958, an unvacated judgment of insanity established a presumption of continuing insanity, thus shifting the burden of proof to the State to establish

---

**3.** The Court of Appeals opinion suggests that the 1983 amendment to Art. 5547–83 may abolish the common law presumption of incompetency once a prior, unvacated adjudication is shown. The 1983 amendment to Art. 5547–83 of the Mental Health Code does not alter the existing common law rules pertaining to the presumption and accompanying burden shifting once a prior, unvacated adjudication is shown. Art. 5547–83 now states:

> Right to Presumption of Competency
> Court-ordered mental health services or emergency detention under *this code* or receipt of voluntary mental health services shall not constitute a determination or adjudication of mental incompetency and shall not abridge the person's rights as a citizen or the person's property rights or legal capacity. Mental competency is presumed in the absence of a contrary judicial determination under the provision of the Texas Probate Code. (emphasis added)

The bill analysis pertaining to this section states that court orders entered pursuant to the *Mental Health Code* do not constitute a determination of mental competency. House Comm on Public Health, Bill Analysis, Tex.S.B. 435, 68th Leg. (1983). This is consistent with prior law and Art. 46.02, V.A.C.C.P. which contains the particular requirements and definition for incompetency to stand trial in the context of a criminal case. Art. 5547–83 simply recognizes that incompetency under the Code of Criminal Procedure is governed by that Code. Treatment of services administered to a person under the provisions of the Mental Health code do not constitute a determination of mental incompetency under the Code of Criminal Procedure. The amendment specifically does not apply to the issue of competency in criminal cases because the Code of Criminal Procedure controls that issue. The Court of Appeals opinion is incorrect in suggesting that this amendment abolishes the long established common law.

the sanity of the accused by a preponderance of the evidence. *Clark v. Beto*, 283 F.Supp. 272 (S.C.Tex.1968), affirmed 415 F.2d 71 (1969). See *Ex Parte Tuttle* [445 S.W.2d 194 (Tex.Cr.App.1969)], supra; *Amos v. State*, 169 Tex.Cr.R. 44, 331 S.W.2d 225 (1960); *McGee v. State*, 155 Tex.Cr.R. 639, 238 S.W.2d 707 (1950).

*Ex Parte Yarborough* is incorrect because the cited cases do not stand for the proposition for which they are cited. *Ex Parte Tuttle*, supra, was a habeas corpus proceeding, not a direct appeal. The issue was whether proper procedure was followed so as to require a jury trial on the insanity issue. Neither *Amos*, supra, nor *McGee*, supra, stand for the proposition stated. They simply state that the burden shifts to the State once a prior, unvacated judgment is shown. Neither discusses the standard of proof, although *McGee*, supra, cites *Glover*, supra, for the burden shifting rule. *Glover*, supra, recites the general rule that once a prior, unvacated adjudication of insanity is shown, the State must prove sanity beyond a reasonable doubt. *Clark v. Beto*, supra, cites *McGee*, supra, as authority for applying the preponderance standard once the burden has shifted to the State. As just discussed, *McGee*, supra, does not stand for such proposition.

*Ex Parte Yarborough*, supra, is incorrect in stating that when the burden shifts to the State the standard of proof is preponderance of the evidence. The cases do not support this proposition.

We turn now to the instant case to decide whether a prior, unvacated adjudication of incompetency was shown such that the burden of proof shifted to the State to prove appellant's competency beyond a reasonable doubt.

At the hearing before the jury on the competency issue, Dr. Clay Griffith, a psychiatrist, testified for the State. On cross-examination, the following occurred:

BY MR. BYCK [Defense Counsel]:

Q. Dr. Griffith, essentially we have a 21–year–old man who went to Terrell at age 12 or 13 back in 1976, was discharged from Terrell and wound up again at Rusk Hospital some seven years later when he was 20, last year?

A. Yes, sir.

Q. Right?

A. (Witness nods head affirmatively.)

Q. All right. The reason essentially why we're having this hearing is because there was a judgment out of a Fort Worth Court that sent him to Rusk State Hospital that said he was incompetent; is that correct?

A. That's correct.

Q. And the reason why we're here is to determine again his competency?

A. Yes, sir.

* * * * * *

Q. Okay. You said you had a theory about why they sent him to Rusk; is that correct?

A. Yes, sir.

Q. All right. And I may regret this, but, doctor, what is the basis of that theory? That's one of the questions that we have here is why there is that unvacated judgment of incompetency. What's your theory as to that?

A. I happen to know the psychiatrist who examined him in Fort Worth and he has a great tendency to call everybody a schizophrenic. And this, in fact [sic] he did. And Fort Worth has a little different system that they use than what we use in terms of sending some cases to Rusk. So that he was sent to Rusk with that diagnosis. Rusk did not find that diagnosis at all.

While introduction of the prior, unvacated judgment of incompetency is the preferred means of showing such fact, the unobjected-to questioning in the instant case, while meager, is sufficient to show that a prior, unvacated judgment of incompetency existed and that the instant hearing was to once again determine appellant's competency. Cf. Art. 46.02, § 5(i), V.A.C.C.P. Because a prior, unvacated adjudication was shown in the instant case, the State had the burden to prove beyond a reasonable doubt that appellant was competent to stand trial. Therefore, the court's charge to the jury, that the State had the burden to prove

competency by preponderance of the evidence, is incorrect.

Appellant did not object to the improper charge given to the jury. Therefore, we must review the case to determine whether this error was so egregious and created such harm that appellant has not had a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1984).

At the hearing on competency, Dr. Clay Griffith testified that he examined appellant on two occasions. Griffith gave appellant a complete "mental status" examination. At the hearing Griffith described the different parts of the examination and appellant's reactions. He testified that appellant, at age twelve, had been committed to Terrell State Hospital because of an incident involving a fight. Griffith also said that appellant had used alcohol and drugs since he was young, and had been expelled from school at age four. The year before the hearing, appellant was sent to Rusk State Hospital for the criminally insane, but escaped after 18 days. Griffith concluded, in accord with Art. 46.02, § 1(a), V.A.C.C.P., that appellant was competent to stand trial.

On cross-examination Griffith acknowledged that appellant had been sent to Rusk on the determination of a Fort Worth psychiatrist that he was incompetent to stand trial. By his question, the defense counsel stated that a prior, unvacated adjudication of incompetency existed at the time. Griffith said that this particular doctor "has a great tendency to call everybody a schizophrenic," and said that the doctors at Rusk did not find that diagnosis at all.

During argument defense counsel told the jury that competency must be proved by a preponderance of the evidence and not by the higher standard of proof beyond a reasonable doubt. He told the jury they had only heard one witness and had to decide "based on Dr. Griffith's testimony as to his credentials and as to the opportunity that he had to both interview Mr. Manning, as well as discover Mr. Manning's criminal records, the issue of competency."

Griffith was the only witness to testify at the competency hearing. Defense counsel did little to contradict or controvert him, other than stating the fact that a prior, unvacated adjudication existed. While it may seem obvious to us that appellant's competency to stand trial was proven, even if the proper standard had been used, we cannot sit in the jury's place. Proof beyond a reasonable doubt is a higher standard than proof by a preponderance of the evidence. As such, a jury may more strictly consider evidence before them on an issue. In light of the existing prior adjudication of incompetency, which at least controverts Griffith's testimony, we cannot say that appellant was not harmed by the jury's consideration of the evidence under a lesser burden of proof than should have been given.

This case is remanded to the Court of Appeals to abate and return to the trial court for a competency hearing to determine appellant's competency at the time his trial occurred. *Brandon v. State*, 599 S.W.2d 567 (Tex.Cr.App.1979). After such hearing, the record of the hearing shall be returned to the Court of Appeals to dispose of the case.

CLINTON and WHITE, JJ., concur in the result.

McCORMICK, J., dissents.

ONION, Presiding Judge, dissenting.

I dissent to the disposition of this cause endorsed by the majority because there is not sufficient evidence to show that even if there was a prior adjudication of competency that it was unvacated.

DUNCAN, J., joins this opinion.