Rufus W. SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–94–00790–CR.

Court of Appeals of Texas, San Antonio.

Aug. 30, 1995.

---

**2.** Although exceptions to the general rule exist, Threadgill does not argue that any of the exceptions apply in this case.

S. Preston Douglass, Jr., Wallace, Mosty, Machann, Jackson & Williams, P.C., Kerrville, for appellant.

Ronald L. Sutton, District Attorney, Junction, for appellee.

Before RICKHOFF, LOPEZ and GREEN, JJ.

## OPINION

GREEN, Justice.

Appellant, Rufus W. Smith, is under indictment for a murder allegedly committed in 1988. He filed notice of intent to use an insanity defense. Accordingly, in May 1988, the trial court conducted a competency hearing. The jury found Smith to be incompetent to stand trial and he was committed to the Vernon State Hospital for treatment.

Four times subsequent to his initial hospitalization, Smith has been declared competent by doctors at Vernon State Hospital and each time the State has disagreed, requiring another competency hearing in each event. Between 1988 and the present, four different juries have found Smith to be incompetent to stand trial and in need of further hospitalization and treatment. Smith appeals from the most recent determination of incompetence. In one point of error, he claims that the allocation of the burden of proof in determining the competency of a previously adjudicated incompetent serves to deprive him of due process and due course of law as guaranteed by the United States and Texas Constitutions. We affirm.

We are presented with an anomalous situation. In the usual case where competency to stand trial is an issue, the State seeks to have the defendant declared competent to stand trial for the offense charged while the defendant argues incompetency, seeking to avoid trial. In this case, however, it is the defendant who now wants a trial and is seeking to be declared competent for that pur-

pose, and it is the State that is arguing the incompetency of the defendant.

It is fundamental to our system of justice that an individual shall not be deprived of their personal freedom without due process of law. U.S. CONST. amend. V, XIV; TEX. CONST. art. I, § 19; TEX.CODE CRIM. PROC.ANN. art. 1.04 (Vernon 1989). Among the constituent components of due process are the right to notice and a hearing, including the opportunity to be heard at a meaningful time, in a meaningful manner. *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976). It is equally clear that criminal conviction of a legally incompetent defendant is a violation of due process of law. *Medina v. California,* 505 U.S. 437, 448–49, 112 S.Ct. 2572, 2579, 120 L.Ed.2d 353 (1992); *Morales v. State,* 587 S.W.2d 418, 421 (Tex.Crim.App.1979). However, once a state provides procedures for making a competency evaluation, there is no basis for holding that due process requires the State to assume the burden of vindicating the defendant's constitutional right by persuading the trier of fact that the defendant is competent to stand trial. *Medina v. California,* 505 U.S. at 448–49, 112 S.Ct. at 2579.

Initially, the defendant has the burden to prove incompetence to stand trial, by a preponderance of the evidence. TEX.CODE CRIM.PROC.ANN. art. 46.02, sec. 1(b) (Vernon 1989). The burden to prove competence shifts to the State if, as here, a "prior, unvacated adjudication of incompetence or insanity is shown." *Manning v. State,* 730 S.W.2d 744, 748 (Tex.Crim.App.1987). Although the burden of proof to show competence shifts to the State after an initial finding of incompetence, our research yields nothing to indicate that the State has an affirmative obligation to attempt to sustain that burden.

The State assumes no burden unless it attempts to prosecute the accused for the crime charged. *Cf. id.* at 745–46 (discussing presumption of competency and shifting burden in context of State's attempt to try accused for crime charged). If the State attempts to try a defendant as charged after an adjudication of incompetence, then, and only then, is the State obligated to prove the accused's competence to stand trial beyond a reasonable doubt. *Id.* at 748. The corollary—the State may not try Smith for the offense with which he is charged absent such proof. *Morales v. State,* 587 S.W.2d at 421.

The procedures for determining competency to stand trial were obviously designed to protect the rights of defendants who, because of present mental infirmity, are unable to effectively assist in their defense. In most cases, the procedures work as designed and an adjudicated incompetent defendant is well protected—the State carries a very heavy burden in convincing a jury that a previously adjudicated incompetent defendant is now competent to stand trial. And usually, the defendant's interest in avoiding trial equates with an interest in maintaining his incompetency status.

But Smith contends he has a right, guaranteed by the United States and Texas Constitutions, to be tried on the merits of the charges brought against him. The allocation of the burden of proof to the State to prove Smith's competency to stand trial, he says, serves to deny his guaranteed right to a trial by ensuring that he is perpetually committed to a mental institution. It is argued that the State can do this by failing, intentionally or otherwise, to meet its burden of proof on Smith's competency.

In the most recent competency adjudication, of which Smith complains, the State admitted its inability to prove Smith competent beyond a reasonable doubt. Smith presented evidence in an attempt to convince the jury of his competency, but failed to do so. The procedure safeguarding Smith against being convicted while incompetent also permits him to prove his competency if he chooses and is able. We hold that the allocation of the burden of proof upon the State in subsequent competency hearings does not deprive Smith of his right to due process and due course of law. Smith's point of error is overruled.

The judgment of the trial court is affirmed.