

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00667-CR

Raymond Sandoval **GARCIA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 7, Bexar County, Texas
Trial Court No. 383282
Honorable Timothy Johnson, Judge Presiding[1]

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Sandee Bryan Marion, Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  September 10, 2014

AFFIRMED

A jury found appellant, Raymond Sandoval Garcia, guilty of assault causing bodily injury, family violence. In two issues on appeal, appellant asserts (1) comments made by the trial court constituted reversible error, and (2) the trial court erred by failing to include a charge instruction for the jury to disregard any comment by the court that appeared to express an opinion with respect to any fact. We affirm.

---

[1] The Honorable Genie Wright is the presiding judge in County Court at Law No. 7. The Honorable Timothy Johnson, sitting as visiting judge, presided over the trial.

**BACKGROUND**

Appellant was charged with assault due to an altercation with his girlfriend's daughter, Lydia Gutierrez. During direct examination by the State, the responding police officer described Gutierrez's injuries as "serious." Defense counsel cross-examined the responding officer. In an attempt to challenge the officer's qualifications to assess the seriousness of Gutierrez's injuries, the following exchange occurred:

(Defense) Q: You're not a medical doctor, correct?

(Officer) A: Correct.

Q: So the injuries that you see—

(The Court): Yes, she is, but after Obamacare,[2] it's more profitable to be a cop.

Q: Do the injuries that you see visually necessarily mean serious bodily injury?

A: No.

. . . .

In addition to the trial court's "Obamacare" comment, appellant further contends there were other comments by the trial court that do not, by themselves, "reach constitutional dimensions . . . but which, taken in the context of the trial as a whole, further denied [appellant] the right to an impartial judge."

After the lunch break on the second day of trial, the trial court welcomed the jury back. It was a hot summer day and the trial court recalled how hot the courtroom was in 1983 due to the courtroom's lack of air conditioning. The trial court then stated, "Although in the old days the deputies when they testified only got comp time, and then they would never let them use comp

---

[2] The Patient Protection and Affordable Care Act, Pub. L. No. 111–148, 124 Stat. 119 (2010), is often referred to as "Obamacare."

time.  But they've changed that rule now to where they actually get paid overtime just like the SAPD cops do.  The deputies are much happier about being here than they used to be."

Appellant also points to two other comments made by the trial court as evidence of an impartial trial judge.  On the first day of trial, the responding officer testified that Gutierrez acknowledged she struck appellant first, although the officer did not consider Gutierrez to be the aggressor.  During cross examination of Gutierrez's mother, the following exchanges took place:

> (Defense) Q: We established yesterday that [Gutierrez was] the first person who struck the blow when the altercation occurred.
>
> A: It wasn't a blow.  It was an open-handed swing.
>
> Q: The first—she was the aggressor, in other words.  She hit first?
>
> A: I wouldn't consider it an aggressor.
>
> (The Court): She swung first, simply.  We all agree on that.
>
> A: [Yes.]
>
> . . .
>
> Q: Is it fair to say that you really love your daughter?
>
> (The Court): What is the relevance to that, [defense counsel]?
>
> (Defense): She's answering—
>
> (The Court): She's a mother.  She loves her daughter.  I think that can be assumed.  Please ask another question.
>
> (Defense): Okay.
>
> . . . .

Defense counsel did not object to any of the trial court's comments.  After the close of evidence, no objection was made to the court's charge.

**PRESERVATION OF ERROR**

In his first issue, appellant contends the comments made by the trial court constitute reversible error.  Acknowledging no objection was made, appellant asserts error was not waived because the comments amounted to structural error.  Based on this assertion, appellant argues he was not required to object to preserve his complaint for appeal.

Ordinarily, a complaint regarding an improper judicial comment must be preserved at trial. TEX. R. APP. P. 33.1; *Unkart v. State*, 400 S.W.3d 94, 99 (Tex. Crim. App. 2013); *Jasper v. State*, 61 S.W.3d 413, 420–21 (Tex. Crim. App. 2001).  However, an exception to the general rule exists in cases where a trial court's comment amounts to fundamental error.  *See* TEX. R. EVID. 103(d); *Unkart*, 400 S.W.3d at 99.  A trial court's comment does not constitute fundamental error unless it rises "to such a level as to bear on the presumption of innocence or vitiate the impartiality of the jury."  *Jasper*, 61 S.W.3d at 421.

The question of whether a trial judge's comments can rise to the level of fundamental error was discussed in *Blue v. State*, 41 S.W.3d 129, 130 (Tex. Crim. App. 2000) (plurality op.).  In *Blue*, "at the beginning of the jury selection process, the trial judge apologized to a group of prospective jurors for their long wait."  *Id*.  In doing so, the trial judge informed the jurors the defendant was going "back and forth" deciding whether to accept a plea deal or go to trial.  *Id*.  In the presence of the jury, the trial judge also stated he preferred the defendant to plead, and "we were all trying to work toward that and save you time and cost of time."  *Id*.  The Court of Criminal Appeals stated the trial judge's "comments 'vitiated the presumption of innocence' before the venire, adversely affecting appellant's right to a fair trial."  *Id*. at 132 (quoting *United States v. Bray*, 546 F.2d 851, 859 (10th Cir. 1976)).  A plurality of the court concluded the "comments of the trial judge, which tainted appellant's presumption of innocence in front of the venire, were fundamental error of constitutional dimension and required no objection."  *Id*. at 132.

Recently, the court revisited the issue of whether a trial judge's comments amounted to fundamental error in *Unkart v. State*. There, "the trial judge said that he personally would want to testify if accused of a crime but admonished the prospective jurors that others might have a different perspective, that a defendant could have good reasons not to testify that were unrelated to guilt, and that the law prohibited the jurors from holding a defendant's failure to testify against him." *Unkart*, 400 S.W.3d at 96. The *Unkart* court distinguished *Blue* on five grounds. *Id*. at 101–02. First, the attitudes of the trial judges were different in each case. *Id*. at 101. The court characterized the trial judge's comments in *Blue* as "an expression of exasperation and impatience . . . fault[ing] the defendant for failing to quickly give up his right to a jury trial and accept a plea offer," while the comments by the trial judge in *Unkart* "were made with the manifest intent to benefit the defendant and to protect his rights." *Id*. Second, "the trial judge in *Blue* conveyed information about the case that the jurors would not have otherwise known, while the trial judge in [*Unkart*] did not." *Id*. Third, "the trial judge in *Blue* told the jurors what he preferred the defendant to do, but the trial judge's remarks in [*Unkart*] did not." *Id*. "Fourth, the trial judge in [*Unkart*] gave the jurors a logical reason to disregard his expressed personal preference." *Id*. However, in *Blue*, "no such discussion occurred in connection with the trial judge's comments that the defendant was involved in plea negotiations and that the judge preferred that the defendant plead." *Id*. Finally, the trial judge in *Unkart* "emphatically instructed jurors about what the law required, that the law required the jurors to disregard the judge's own personal preference, and that it was important to be able to follow the law." *Id*. at 102. However, "the trial judge's statements in *Blue* contained no instructions that could be construed as telling the jury to disregard the trial judge's comment regarding the defendant's participation in plea discussion or the comment regarding the trial judge's desire that the defendant accept the State's plea offer." *Id*.

In addition to distinguishing *Blue*, the *Unkart* court clarified that *Blue*, as a plurality decision, had no precedential value. *Id*. at 101. Although acknowledging a plurality decision, such as *Blue*, could have persuasive value similar to a concurring opinion, the court held that *Blue* did not support reversal in *Unkart* "because the circumstances [in *Unkart*] differ[ed] significantly from the circumstances in *Blue*." *Id*. The court concluded Unkart waived error by failing to object and request an instruction to disregard because residual harm, if any, "would have been cured by a timely instruction to disregard the specific comments that appellant found objectionable." *Id*. at 102.

In this case, unlike the comments in both *Blue* and *Unkart*, the trial court's comments had no relation to appellant, and as appellant states in his brief, were "completely irrelevant to any issue in this case." The comments did not provide the jurors information that they would not have otherwise known, and did not express the trial judge's preference regarding appellant's actions. Additionally, the trial court gave the following oral instruction to the jury at the beginning of trial:

> You must not be influenced in any way with a personal feeling of sympathy for or prejudice against either the State of the defense. Both are entitled to the same fair and impartial consideration by you. *No statement, ruling or remark that I may make during the presentation of testimony is intended to indicate my opinion as to what the facts are*. You are to determine the facts. (emphasis added)

We conclude that the complained-of comments did not bear on the presumption of innocence or vitiate the impartiality of the jury. Accordingly, we hold the trial court's comments do not constitute fundamental error, and because appellant did not object at trial, nothing is presented for review on appeal.

## JURY CHARGE ERROR

In his second issue, appellant asserts the trial court erred by failing to include an instruction in the jury charge for the jury to disregard any comment by the court that appeared to express an

opinion with respect to any fact. Again acknowledging no objection was made at trial, appellant argues he suffered egregious harm as a result of the trial court's failure to include the instruction.

## 1. Standard of Review

In analyzing a jury charge issue, we first determine whether error exists. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If error is found, we must then determine whether the defendant suffered sufficient harm to require reversal. *Id.* If, as in this case, the error was not objected to, reversal is only required if egregious harm is suffered. *Id.*

"Egregious harm is a difficult standard to prove and such a determination must be done on a case-by-case basis." *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996). Errors that result in egregious harm are those that affect "the very basis of the case, deprive the defendant of a valuable right, or vitally affect a defensive theory." *Id.* (internal citations omitted). Egregious harm occurs if the error is reasonably calculated to benefit the State, or deprives the defendant of a fair and impartial trial. *Taylor v. State*, 332 S.W.3d 483, 489 (Tex. Crim. App. 2011); *Aschbacher v. State*, 61 S.W.3d 532, 538–39 (Tex. App.—San Antonio 2001, pet. ref'd). In determining whether a defendant was deprived of a fair and impartial trial, we review "the entire jury charge, the state of the evidence, including the contested issues and weight of the probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Taylor*, 332 S.W.3d at 489.

## 2. Analysis

In support of his assertion that the trial court erred by failing to include the instruction, appellant cites to *Blue* and *Unkart*. Appellant's reliance on these cases, however, is misplaced. *Blue* and *Unkart* dealt with whether the trial court's comments constituted fundamental error.

Neither case involved charge error, nor do they stand for the proposition that the failure to include such an instruction constitutes charge error.[3]

Even assuming the trial court's failure to include the instruction constituted error, we conclude appellant did not suffer egregious harm. In this case, the application paragraph of the jury charge properly set out the applicable law and correctly instructed the jury. With respect to the state of the evidence, it is undisputed appellant was involved in an altercation with the victim. The jury heard testimony from all parties involved in the altercation—the victim, the victim's mother, and appellant. Each testified that the incident started as a verbal altercation between the victim and appellant, then escalated to a physical altercation after the victim and appellant exchanged insults. The evidence also included photographs of the victim and appellant shortly after the incident occurred as well as the location where the altercation took place. The only contested issue was whether appellant acted in self-defense. The arguments of counsel focused on whether appellant's use of force constituted self-defense. And, as previously mentioned, the trial court's comments were unrelated to appellant and were "completely irrelevant to any issue in this case." Accordingly, the charge error, if any, cannot be said to have affected the very basis of the case, deprived appellant of a fair trial, or made the case for conviction more persuasive. *See, e.g.*, *Ruiz v. State*, 753 S.W.2d 681, 686 (Tex. Crim. App. 1998) (harm egregious if burden of proof lowered); *Hutch*, 922 S.W.2d at 173–74 (harm egregious when charge misstates law relevant to contested issue); *Saunders v. State*, 817 S.W.2d 688, 689 (Tex. Crim. App. 1991) (harm egregious when charge failed to inform jury accomplice testimony must be corroborated); *Manning v. State*,

---

[3] We note, however, that The State Bar of Texas has included a similar statement in its criminal pattern jury charge. *See* State Bar of Tex., *Texas Criminal Pattern Jury Charges: Defenses* § B2.1 (2013) ("Nothing the judge has said or done in this case should be considered by you as an opinion about the facts of this case or influence you to vote one way or the other.").

730 S.W.2d 744, 745 (Tex. Crim. App. 1987) (harm egregious when charge incorrectly instructed jury on State's burden of proof).

Reviewing the jury charge as a whole, the state of the evidence, the arguments of counsel, and all other relevant information, we conclude appellant was not denied a fair and impartial trial and was not egregiously harmed.

## CONCLUSION

We conclude appellant waived the right to complain about the trial court's comment and did not suffer egregious harm with regard to the jury charge. Therefore, we affirm the trial court's judgment.

Sandee Bryan Marion, Justice

Do not publish